Earnest Ray McClinton v. State

No. 32,041 June 15, 1960

Motion for Rehearing Overruled October 19, 1960

*Reid & Reid,* by *T. M. Reid,* Abilene, for appellant.

*Bill Thomas,* County Attorney, by *Nelson Quinn,* Assistant County Attorney, Abilene, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 9 months in jail and a fine of $150.

Appellant was stopped and arrested by two city officers while driving his automobile upon a public street in the city of Abilene. The officers testified that before stopping appellant, they followed his automobile for seven blocks during which time they observed it, on more than one occasion, cross over the center stripe. The officers testified that after they stopped the appellant they could smell alcohol on his breath; that he staggered when he walked, his speech was incoherent, and both expressed the opinion that at such time the appellant was under the influence of intoxicating liquor. A third police officer who observed appellant when he was brought to the police station also expressed his opinion that at such time appellant was under the influence of intoxicating liquor.

As a witness in his own behalf, appellant testified that on the night in question he had consumed 4 or 5 beers prior to his arrest but denied that he was drunk. Two witnesses called by the appel-

lant testified that they had been with appellant on the night in question prior to his arrest and stated that in their opinion he was not at that time intoxicated.

The jury resolved the disputed issue of intoxication against the appellant and we find the evidence sufficient to sustain their verdict.

Appellant complains of certain questions propounded to him on cross-examination by state's counsel which elicited testimony from him which showed that he had been previously charged with the offenses of drunkenness and driving while intoxicated. Appellant insists that by such cross examination the state was permitted, in violation of Art. 732a, V.A.C.C.P. to improperly impeach him by showing that he had been charged with offenses which had not resulted in a final conviction for either a felony offense or one involving moral turpitude.

The record reflects that appellant made no objection to the testimony until after the questions had been propounded to him and by him answered.

After the last question was asked by state's counsel and answered by appellant, appellant's counsel made the following objection which was by the court overruled: "Your Honor, I am going to object to him reading off a bunch of stuff here. Something that I don't know anything about. I could sit down here and * * * ." The objection was clearly insufficient to point out to the trial court the complaint which appellant now makes on appeal to the testimony. No reason was assigned by the appellant for his delay in objecting to the testimony and no request was made of the court to exclude, withdraw, or instruct the jury not to consider the questions and answers. In the absence of such a request no error is shown. Deams v. State, 159 Tex. Cr. R. 496, 265 S.W. 2d 96 and Pruett v. State, 164 Tex. Cr. R. 340, 299 S.W. 2d 148.

The judgment is affirmed.

Opinion approved by the Court.