**Willie Ross MORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40024.

Court of Criminal Appeals of Texas.

Jan. 25, 1967.

Rehearing Denied March 8, 1967.

Herbert Landau, James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert H. Stinson, Jr., Scott Bradley and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Robbery by Assault; the punishment, fifteen years confinement in the Texas Department of Corrections. The case was tried on January 12, 1966.

The complaining witness, Richard Mankins, was at the time of the offense a sixteen year old high school student who worked as a part-time employee at the Holiday Cleaners located in the Preston Forest Shopping Center in the city of Dallas. Mankins testified that shortly before 9:00 p .m. on Friday, October 1, 1965, the appellant entered the business establishment where he was employed. Mankins testified that after being unable to find any cleaning listed under the name given by the appellant, the appellant held a gun on him and told him to "put the money of the register in a brown paper sack." Mankins opened one drawer and emptied the money into the sack, but neither he nor the appellant was able to open the second drawer. Mankins testified he had the care, custody and control of the premises and all property located therein and the appellant took approximately $125.00 in cash without his consent

or permission, and at such time he was in fear of his life or bodily injury. He testified the appellant upon leaving told him (Mankins) "not to follow him."

The police arrived at 9:00 p. m. and were given a description of the robber. The following Monday Mankins was able to identify the appellant from among six or eight pictures shown him by the police. Later that evening he again identified the appellant from a police line-up of five men, all of whom were of approximately the same size, build and age.

While on the stand, Mankins testified the appellant was in the cleaning establishment for approximately five minutes and that he was watching the appellant's face most of that time and that he was "positive" in his identification.

The appellant testified that on the evening of October 1st and at the time of the robbery he was at various other places. His alibi testimony was corroborated in part by several other persons. None of these witnesses, however, could corroborate the appellant's testimony that for fifteen or twenty minutes and during a period of time coinciding with the time of the robbery that he had gone alone to a lounge known as "The Gusher" for the purpose of engaging in a game of pool.

There was other testimony that the appellant had once been a manager of the Holiday Cleaners, but at the time of the robbery was unemployed.

The appellant complains that the trial court erred in not instructing a verdict of "not guilty" when the State rested its case in chief and again when both sides closed. He contends that the overwhelming weight of the credible testimony as to appellant's alibi renders doubtful the testimony of the lone identifying witness, and the evidence is insufficient to sustain the conviction of the appellant. In view of the evidence, despite the testimony as to the appellant's alibi, the Court did not err in overruling the motions for instructed verdict.

The jurors are the exclusive judges of the credibility of the witnesses and the weight of the testimony. Article 38.04, Vernon's Ann.C.C.P. They chose to believe the State's version of the case, and the evidence is sufficient to sustain their verdict. Except where corroboration is required by law, the fact that a single witness for the State is contradicted by a greater number of witnesses for the appellant does not alter the above rule. Hutchins v. State, 172 Tex.Cr. R. 525, 360 S.W.2d 534; see 24 Tex.Juris.2d 378, Sec. 715, and cases there cited.

■ The appellant next contends that the court erred in permitting in evidence over the objection of the appellant statements by Richard Mankins that he (Mankins) examined various photos. The appellant cites no authorities for his contention, and he has not briefed the same. It is not clear whether he has reference to the photos Mankins testified he saw in attempting to identify the robber or to State's Exhibit No. One (showing the interior of the cleaning establishment). The record reflects that to neither the introduction of State's Exhibit No. One or to testimony about the photos used for identification purposes did appellant offer any objection. No error is presented. McClinton v. State, 170 Tex.Cr.R. 141, 338 S.W.2d 715.

■ The appellant further claims that the Court committed reversible error in permitting the District Attorney to place in evidence and argue before the jury that a police officer "received a call" from an informer who stated that the appellant had committed the robbery.

The record reflects that without recounting the conversation or mentioning appellant in connection therewith, Officer Atherton testified that he had a conversation with someone concerning the Holiday Cleaners robbery and related what action he took thereafter. To such testimony there was no objection.

Even if objection had been interposed the testimony of the officer was admissible.

Woolsey v. State, Tex.Cr.App., 376 S.W.2d 572; Cameron v. State, 171 Tex.Cr.R. 224, 346 S.W.2d 845; Willman v. State, 92 Tex. Cr.R. 77, 242 S.W. 746; Johnson v. State, Tex.Cr.App., 379 S.W.2d 329, 333.

In Johnson v. State, supra, this Court in holding similar testimony admissible, said:

"With reference to the testimony of the witness Canfield, the record shows that the officer was permitted to testify that he had received a radio report of the robbery and description of a certain automobile, but he did not relate the contents of the report."

■■ Appellant did object to the prosecutor's argument relating to Officer Atherton's testimony, but the same appears to be a reasonable deduction from the evidence and presents no error. Further, this ground of error as to jury argument was not raised in the trial court, and is not such an error that this Court would be required to review under Article 40.09, Section 13, V.A.C.C.P.

We are further asked to reverse this conviction for the failure of the trial judge to order the court reporter to take the complete voir dire examination of the jury panel in accordance with the provisions of Article 40.09, Sec. 4, V.A.C.C.P. This is by far the most serious contention made by the appellant.

Section 4 of Article 40.09, V.A.C.C.P., reads as follows:

"At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments. He is not entitled to any fee in addition to his salary for taking these notes. A transcription of the reporter's notes when certified to by him and included in the record shall establish the occurrence and existence of all testimony, argument, motions, pleas, objections, exceptions, court actions, refusals of the court to act and other events thereby shown and no further proof of

the occurrence or existence of same shall be necessary on appeal; provided, however, that the court shall have power, after hearing, to enter and make part of the record any finding or adjudication which the court may deem essential to make any such transcription speak the truth in any particular in which the court finds it does not speak the truth and any such finding or adjudication having support in the evidence shall be final."

Prior to the voir dire examination of the jury panel the appellant timely filed a written motion requesting the Court to have the court reporter take the voir dire examination of the jury panel and the argument of counsel in accordance with the provisions of the statute quoted above.

Acting upon such motion, the trial court entered the following order:

"The Court overrules the motion to the extent that the *Ct.* will not require the reporter to take the complete voir dire. Only those matters where objections may be made and the defendant desires to perfect a bill. The defendant may renew this motion at any time.

"The Court grants the motion for the court reporter to take jury arguments of both sides."

■ From the very language of the statute itself the legislative intent is clear. When requested it becomes the duty of the Court to see that the court reporter takes the entire voir dire examination. The purposes of this particular revision of the Code were to insure, when requested, as complete a record in a criminal proceeding as possible, reduce the necessity for formal bills of exception, and eliminate any question concerning additional compensation for court reporters in performing such services. There can be no doubt but what the learned trial judge erred in failing to comply with all of its terms. The question remains, however, whether such error is reversible error given the particular circumstances of the case at bar.

■ Nothing of the voir dire examination of the jurors appears in the record before us. We are therefore unable to determine if no record was made at all, or if, in accordance with the trial court's order, the portion recorded when desired by the appellant was not brought forward in the record by failure of the appellant to request its inclusion in the record. Art. 40.09, Section 5, V.A.C.C.P.

There is no showing that as a result of the trial court's order appellant was deprived of any informal bills of exception reserved during voir dire examination, nor is there any claim, contention or suggestion made that anything occurred during the voir dire examination to the detriment of the appellant.

The appellant's contention, as we understand it, is that, while asserting no specific ground of prejudice respecting the voir dire examination, the language of Article 40.09, Section 4, V.A.C.C.P. is mandatory and the failure of the trial court to fully comply therewith works an automatic reversal.

In considering a similar statute where the trial court had failed to require the court reporter to record under the Court Reporter Act, 28 U.S.C.A. Section 753(b), the Fifth Circuit, U.S. Court of Appeals, in Strauss v. United States, 311 F.2d 926, said:

"Furthermore, no specific error or prejudice resulting therefrom is called to our attention. This is the very least that would be required under Stephens v. United States, 5 Cir., 1961, 289 F.2d 308, where errors were specified, and where there was no record on which to test the claimed errors. To permit an appellant simply to claim error for failure to record under the Act, without more, would eliminate the necessity of a showing of prejudice because of the error. The error may well have been harmless when considered in the light of the facts which were reported."

See also Addison v. United States, 5 Cir., 317 F.2d 808, cert. denied 376 U.S. 905, 84

S.Ct. 658, 11 L.Ed.2d 605; Burns v. United States, 5 Cir., 323 F.2d 269, cert. denied, 376 U.S. 907, 84 S.Ct. 660, 11 L.Ed.2d 606; Stirone v. United States, 3 Cir., 341 F.2d 253; Fowler v. United States, 5 Cir., 310 F.2d 66.

In Brown v. United States, C.A.Wash., 314 F.2d 293, the sole error specified was the failure to record the summations to the jury. The appellant argued, as here, that the error in itself required reversal and a new trial. There the Court said, "But we are not compelled to set aside a valid conviction because of an error which may have been wholly harmless in order to be sure that we are not, through ignorance of the facts, denying relief for error which prejudiced appellant's substantial rights."

The appellant cites in support of his contention the opinion of this Court in Moore v. State, 363 S.W.2d 477. In Moore, supra, appellant showed by a bill of exception and a bystander's bill that by virtue of the court's action he was deprived, over his objection, of a record of the jury arguments, including his objections, and exceptions to such arguments, and the rulings and remarks of the court thereon all of which he complained of on appeal. He even brought forward in the record the testimony adduced on the bystander's bill. It is therefore distinguishable from the case at bar.

The appellant having specified no error to which the statement of facts of the voir dire examination would be relevant, and given the particular circumstances of the case, we cannot conclude that the error of the trial judge in failing to order the court reporter to record the entire voir dire examination is reversible error. An entirely different question would have been presented if the appellant had specified prejudicial error in the conduct of the voir dire examination which was not recorded by virtue of the court's order and which he was unable to bring forward on review. In such a situation, we would be unable to appraise the alleged error, and would be called upon to reverse.

 We do not mean to imply by this opinion any approval of the trial court's refusal to completely comply with the requirements of Article 40.09, Section 4, V.A.C.C.P., especially in those cases where motions for change of venue are filed. These requirements are based upon the sound reasoning that every appellant should be enabled to prepare and present a full and fair statement of what occurred in the trial court for review upon appeal.

The judgment is affirmed.