**Jake Earl CALHOUN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43665.**

Court of Criminal Appeals of Texas.

April 14, 1971.

Rehearing Denied May 19, 1971.

Ralph Taite, Melvyn Carson Bruder, Dallas (on appeal only by Court appointment), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr. and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary where the punishment was assessed at 12 years.

At the outset appellant challenges the sufficiency of the evidence.

The record reflects that on January 5, 1968, someone burglarized the home of Pinkie George Sanders in the city of Dallas sometime between 6:30 a. m. and 12:30 p. m. when Mrs. Sanders returned home and discovered evidence of the forced entry into the house. It was shown that at least $71.83 in coins, $15 in currency, a watch and a blue American Airlines bag were taken.

At approximately 11:30 a. m. on the said date eight or ten blocks from the scene of the alleged burglary Dallas Police Officer McWhorter saw the appellant and one Cecil Mathis walking on the street carrying a blue American Airlines bag. When the two men saw the officer in his marked patrol car they broke and ran to a nearby house and threw the bag inside the front door. When the officer asked the two men to approach his vehicle Mathis broke and ran. Upon inquiry as to the contents of the bag appellant told the officer he was carrying diapers to his auntie's house. About this time the front door of the house was opened and the blue bag was thrown outside scattering coins on the front porch and in the yard. The officer then picked up $71.83 in coins. Appellant was "patted down" for weapons and taken to the city jail. There $15.00 in currency and 54 cents in change was taken from his person as

well as a gold watch later identified by Mr. Sanders as being his.

It was shown that neither the appellant nor Mathis lived at the house where they deposited the bag nor were known by the people who did live there.

Cecil Mathis testified for the appellant and claimed he alone committed the burglary and that he had given the appellant the watch but that the appellant had no knowledge of the burglary.

The jury by their verdict rejected appellant's version of the facts.

The State relies upon the rule that unexplained possession of recently stolen property is sufficient to sustain a conviction for theft of such property or for the burglary of the house out of which the property was taken. See Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Rodriguez v. State, Tex.Cr.App., 417 S.W.2d 165; Sharp v. State, Tex.Cr.App., 421 S.W.2d 663; Beard v. State, Tex.Cr.App., 458 S. W.2d 85, 87; Jones v. State, Tex.Cr.App., 458 S.W.2d 89, 91; 4 Branch's Ann.P.C., 2d ed., Sec. 2537, p. 866; 10 Tex.Jur.2d, Burglary, Secs. 87–92, pp. 247–258.

Viewed in the light most favorable to the jury's verdict, we deem the evidence sufficient to sustain the conviction.

In two grounds of error appellant complains the court erred in admitting testimony concerning his arrest and "physical evidence seized from appellant's person *at the time of appellant's arrest.*" Appellant contends there was no probable cause to justify his warrantless arrest and that the fruits of the search incident thereto were not admissible in evidence.

■ First we observe there was no objection to any testimony concerning appellant's arrest or the subsequent "search" at the time of his arrest. Thus nothing is presented for review.

■ Further, we conclude that under circumstances presented, the officer had

adequate cause to arrest under the 1967 amendment to Article 14.03, Vernon's Ann. C.C.P. The recovery of the blue bag and the coins was not as a result of a search of appellant's person. Such items were lying partly on the porch and in the front yard in plain view of the officer.

■ Appellant also contends the court erred in permitting the State to impeach the defense witness Mathis "concerning arrests of said witness and not final convictions resulting therefrom."

Article 38.29, V.A.C.C.P., relating to impeachment of witnesses provides in part: "In trials of defendants under Article 36.09, it may be shown that the witness is presently charged with the same offense as the defendant at whose trial he appears as a witness."

The appellant elicited from Mathis that he had been convicted of the same burglary for which he (the appellant) was presently being tried; that Mathis had been placed on probation and that the same had been later revoked.

The complained of testimony occurred on cross-examination as follows:

"Q. (By the prosecuting attorney) Which one of the conditions (of probation) did you violate?

"A. They said I robbed a place."

To such testimony there was no objection and no request for jury instruction or a motion for a mistrial. We perceive no error. See McClinton v. State, 170 Tex.Cr. R. 141, 338 S.W.2d 715.

The appellant first injected the fact of Mathis' revocation of probation into the case and there is no showing in the record that a final conviction or convictions had not in fact occurred.

■ Lastly, appellant complains the court erred in admitting evidence of an oral statement made by him while he was under arrest and had not been warned of his rights in accordance with Articles 15.17

and 38.22, V.A.C.C.P., and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694. The statement involved concerns the one appellant made to the officer to the effect that he was carrying diapers in the bag to his auntie's house.

Here again we find no objection to the testimony relating to such statement. Further, it appears from the record to have been made prior to arrest and during the investigatory process and before the accusatory process began and was not elicited as a part of a custodial interrogation. It was a part of the general on-the-scene questioning of an officer who has encountered a person on the public ways under suspicious circumstances. We do not deem the cited statutes or Miranda applicable. See Hoover v. State, Tex.Cr.App., 449 S. W.2d 60; Jones v. State, Tex.Cr.App., 442 S.W.2d 698; Robinson v. State, Tex.Cr. App., 441 S.W.2d 855.

The judgment is affirmed.