Leonel MARTINEZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 46055.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

**564**

Abel Toscano, Jr., Ricardo Garcia, Harlingen, for appellant.

F. T. Graham, Dist. Atty., Menton Murray, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

Appellant was convicted of the felony offense of malicious mischief; the punishment, four years imprisonment. The imposition of sentence was suspended and the appellant was placed on probation on April 12, 1967.

Appellant was sentenced on November 23, 1971, after the court found that he had possessed marihuana in violation of a term of his probation that he would commit no offense against the laws of this state.

■ The appellant urges that the court abused its discretion in revoking probation because it admitted into evidence and considered evidence which had been obtained as a result of an unlawful search and seizure. The appellant did not make such an objection at the time of trial and raises it for the first time on appeal. The objection comes too late; it was waived. Ansley v. State, 468 S.W.2d 862 (Tex.Cr.App. 1971); Calhoun v. State, 466 S.W.2d 304 (Tex.Cr.App.1971) and Jordan v. State, 486 S.W.2d 784 (1972).

■ Even if objection had been timely made, no error would have been shown as there was ample evidence of probable cause for the arrest of the appellant and his subsequent search was lawful. The arresting officers, while in the dispatcher's office, heard a call concerning a disturbance "like someone was discharging 'a firearm.'" While answering the call, they saw an automobile being driven in an erratic manner as if the driver was intoxicated. They stopped the automobile; the appellant got out with a can of beer in his hand and started to stagger down the sidewalk. The officers believed him to be intoxicated and placed the appellant under arrest. One of the officers took the appellant to the police station while the other remained with appellant's automobile. The officer remaining with the automobile found two cans of beer in the automobile and a pistol in the glove compartment. The appellant had been only "frisked" at the scene of the arrest. When the officer who took him to the police station searched him there, marihuana was found on his person. The search was lawfully made. See King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501 (Tex.Cr.App.1958).

■ The appellant further contends "The trial court erred and abused its discretion in denying defendant's oral motion for continuance for a postponement so that lead counsel, who was absent, could come and participate and conduct the defense of the defendant" at the revocation hearing and in overruling his motion for new trial, based on the same grounds. It appears that the motion to revoke probation had been pending for several months and had been reset on different occasions. The appellant says he was to be represented by two retained attorneys of his choice. One of the attorneys appeared with the appellant and conducted his defense.

The matter is one within the discretion of the trial court and we find no abuse of discretion shown by the record. Also, the motion for continuance was an oral motion and not made in compliance with Articles 29.03, 29.06 or 29.07 and 29.08, Vernon's Ann.C.C.P.

There being no abuse of discretion, the judgment is affirmed.

Opinion approved by the Court.