**Charles Edward ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46453.**

Court of Criminal Appeals of Texas.

Sept. 18, 1973.

Norman Bennett, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Ronald M. Jackson, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a trial before a jury of robbery with firearms. His punishment was assessed at fifteen years.

Appellant does not contend that the evidence is insufficient to sustain the verdict.

The record reflects that appellant entered the Burger Bar in Lubbock, pointed a shot gun at the owner and his employee son, made them lie on the floor and took money from the cash register and left. Shortly thereafter officers came to the place of business, where the proprietor described the robber. Based on his description given officers and heard over the radio, officers arrested appellant about two blocks away, walking from the direction of the store, and found thirty-two dollar bills, some change, and a knife on his person. Appellant did not testify, and offered no witnesses.

Appellant's only ground of error reads:

"The arrest of Appellant, being illegal in violation of the Fourt (sic) and Fourteenth Amendments to the United States Constitution, resulted in an illegal search of Appellant and the fruits of this illegal search were improperly admitted into evidence against Appellant."

The record is silent as to any objection to the arrest or the introduction of the fruits of the search of appellant by the of-

**14**

ficers. Objections to an arrest and subsequent search must be made in the trial court, and cannot be asserted for the first time on appeal. Jordan v. State, Tex.Cr. App., 486 S.W.2d 784; Calhoun v. State, Tex.Cr.App., 466 S.W.2d 304; Ansley v. State, Tex.Cr.App., 468 S.W.2d 862; Martinez v. State, Tex.Cr.App., 489 S.W.2d 563. In the absence of objections to the arrest and search and the fruits thereof, we do not reach the issues raised in appellant's complaint. The ground of error is overruled.

We have examined the record, and find nothing which we should consider under Article 40.09, § 13, Vernon's Ann.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.