**Thomas Lee SLOANE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47954.**

Court of Criminal Appeals of Texas.

April 3, 1974.

Rehearing Denied April 24, 1974.

Jack W. London (Court appointed), Austin, for appellant.

Robert O. Smith, Dist. Atty., and Gerald Carruth, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted, in a trial before a jury, of robbery by assault. Pun-

ishment was assessed by the jury at fifty (50) years' imprisonment.

Appellant presents three grounds of error on this appeal. The sufficiency of the evidence is not challenged.

The record reflects that on November 27, 1972, two men entered the Worker's Finance Co. in Austin. The men subsequently robbed Alice Moncivais, an employee of Worker's Finance Co., of approximately $568.00. Present at the scene of the crime were Alice Moncivais and Beatrice Goodrich. Lillian Wynn saw the two men in an alley near the business prior to the robbery. Van Dickerson saw the two men inside the business but he left prior to the robbery. All four witnesses identified the appellant as one of the two robbers. Frederick E. Lamoreaux, an Austin Police Department I.D. techician, testified that fingerprints removed from magazines taken from Worker's Finance Co. after the robbery matched the known fingerprints of appellant.

Appellant initially contends that the State made an improper argument in the punishment phase of the trial. The objected to argument consisted of the following statements:

"What would have happened if Alice Moncivais and Beatrice Goodrich hadn't done what Tommy Sloane said? Let me tell you what would have happened; they would have been sitting out there with a bullet through their heads."

■ In Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270, 272, the State argued in a prosecution for armed robbery that the defendant had "prepared for murder." The evidence showed that during the robbery the defendant stated to a co-principal, "If he [moves], blow him in two." This Court held however inflammatory the argument, it had a basis in the evidence. In the present case one of the victims testified to the following threat:

"Q   Did he get pretty rough with you?

"A   Well, yes, that, and you know, he looked like he would have shot me if I hadn't, you know . . .

"Q   At the time he was holding the gun on you, were you in fear of your life or serious bodily injury?

"A   Yes, definitely."

*   *   *   *   *   *

"A   They made me lay down before they left, and told me if I got up, he would shoot us."

The argument of the State was supported by the evidence, and was not outside the record.

Appellant's first ground of error is overruled.

■ In his second ground of error, appellant again contends error in the State's argument. In his argument to the jury on punishment the State remarked, with reference to appellant, "he has got a rap sheet like you have never read before, which you have heard about." Upon objection by appellant, which was sustained, the trial court instructed the jury to consider only the evidence from the witness stand and that place alone. Upon the appellant's motion for mistrial the trial court instructed the jury to disregard any statement referring to the rap sheet.

In light of the fact the jury had before it evidence of a number of prior convictions of appellant and of the instruction of the trial court to disregard, we find no reversible error.

Appellant's second ground of error is overruled.

In his third ground, appellant contends that the State was improperly permitted to introduce in evidence a blown-up photograph of a fingerprint found by police officers on a magazine at the scene of the offense on the ground that the magazine was

not introduced in evidence, and that the expert was not able to show that appellant could not have placed that fingerprint on the magazine at a time prior to, or subsequent to, the robbery.

 When the State first offered this photograph as its Exhibit No. 3, appellant objected on the ground that proper predicate had not been laid. Thereupon, the State proceeded to lay a predicate, and after doing so again offered Exhibit No. 3, along with other exhibits, including Exhibit No. 9, a fingerprint taken of appellant during trial. Appellant objected as follows:

"MR. COLLINS: At this time, Your Honor, I will offer into evidence State's Exhibits 3 through 8 and State's Exhibit No. 9.

"MR. LONDON: I am going to object to the admissibility of State's Exhibit No. 9 and the opinion of comparison with State's Exhibit No. 9, for the reason it was taken of the Defendant this morning. We contend that the taking of those fingerprints this morning is an unconstitutional search and seizure and violates due process. We also contend that it is self-incriminatory under the Fifth Amendment and denial of due process.

"THE COURT: The objection will be overruled and they will be admitted as State's Exhibits Nos. 3 through 9.[1]

"MR. LONDON: Please note our exception."

Thus, at the time Exhibit No. 3, the sole subject of appellant's ground of error, was admitted in evidence, there was no objection to it being admitted. There is nothing for review. Price v. State, Tex. Cr.App., 496 S.W.2d 103, 107; Adams v. State, Tex.Cr.App., 499 S.W.2d 13.

Appellant has submitted a *pro se* brief outlining four grounds of error. We have examined appellant's contentions and find them without merit.

The judgment is affirmed.

Opinion approved by the Court.

---

1. The court properly overruled the objection to Exhibit No. 9. Olson v. State, Tex.Cr. App., 484 S.W.2d 756; Moulton v. State, Tex.Cr.App., 486 S.W.2d 334.