Robert SOTO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00190–CR.

Court of Appeals of Texas,
San Antonio.

July 29, 1987.

Rehearing Denied Aug. 21, 1987.

Ed Kidwell, San Antonio, for appellant.

Lynn Ellison, Asst. Dist. Atty., Karnes City, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

Appellant was convicted by a jury of aggravated sexual assault of a child. TEX. PENAL CODE ANN. §§ 22.011, 22.021 (Vernon Supp.1987). Punishment was assessed by the same jury at confinement for 45 years. In addition a fine of $2,500.00 was imposed.

Appeal is predicated upon three points of error including a challenge to the sufficiency of the evidence.

We review the facts in the light most favorable to the jury verdict as we are required to do. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983) (en banc).

J____ Soto, former wife of appellant, testified that she and appellant separated from each other in contemplation of divorce on February 9, 1985. At that time J____

took possession of her minor children, including C____, the three year old victim, the natural child of both parties.

Thereafter, on February 15, 1985, appellant, under a false pretext, gained possession of his three year old daughter C____ and removed her to his residence in Poteet where appellant lived with his two teen-aged daughters from a previous marriage and other family members. C____ continued to reside with appellant and his family until March 7, 1985, when J____ forcibly recovered C____ from appellant's teen-aged daughter at a time when appellant was not home.

J____ then took C____ to her cousin's mobile home in Jourdanton where the child spent the morning playing with her sister and little cousins. Later that afternoon J____ decided to bathe C____ and her sister. C____ refused to remove her clothes crying out "no, no, coco, coco."[1]

When J____ tried to forcibly remove the child's clothing, the child resisted by repeating the term "coco." The attempt to bathe the child was terminated prematurely because of the child's resistance.

J____ then attempted to place a diaper on the child but the child interjected "no, momma, coco, coco" while at the same time putting her hands over her private area. When J____ asked the child who had inflicted "coco," the child replied, "him, him, him" while pointing into the air at an imaginary figure.

J____ then asked the child who "him" was and the child replied "tata," an expression the child used when referring to her father, the appellant.

When C____ refused to permit her mother to place a diaper on her, J____ spread the child's legs apart and noticed what she believed to be sperm discharging from the child's vagina. According to J____, the discharge continued for two days.

Dr. Paul Jordan Dickstein examined the child on June 14, 1985. According to Dr. Dickstein the child's hymen had been perforated and the vagina penetrated by an undetermined object.

It was Dr. Dickstein's opinion that such a tear would require a one inch penetration of the vagina. In his opinion a partial penetration by an average male penis could have caused the child's hymen and vagina to appear as it did. Moreover, a penetration occurring some three months prior to the examination could have been more severe since the healing process would mask the actual penetration depth.

It was shown through the testimony of appellant's teenaged daughters and others that no other male had exclusive access to the child during the period of time immediately preceding the child's recovery by her mother.

Although the child was never able to verbalize any sort of communication to social workers or investigators from the Department of Human Resources it was shown through the testimony of Laura Grimsinger, the director of the Guadalupe County Women's Shelter, that during the period from June 14 through 28 of 1985 J____ and her two minor daughters, including C____ stayed at the shelter.

Grimsinger recalled seeing C____ engaging in sexual activity such as fondling and attempting oral sex upon her younger sister.

Appellant, testifying in his own behalf, denied the accusations and attempted to show that the accusations were fabrications by his ex-wife during a time when a child custody struggle incident to a divorce was ensuing. Other witnesses testified that appellant was a good and loving father who raised his two teenaged daughters from a previous marriage without incident. Emphasis was also placed upon the young child's inability to verbalize during video taping sessions with Department of Human Resources investigators. Much stress was placed upon J____'s failure to report the suspected sexual abuse until considerable time had elapsed.

■ Appellant contends that the evidence is, at best, circumstantial but in any

---

1. "Coco" was, according to J____, the baby expression for "hurt."

event practically nonexistent. Whether the case is one involving direct evidence or consisting entirely of circumstantial evidence, the review to be made by this court focuses upon the evidence viewed in the light most favorable to the jury verdict. *Houston v. State*, 663 S.W.2d 455 (Tex. Crim.App.1984) (en banc). Moreover, the test for review in a sufficiency challenge is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App. 1983) (en banc).

Where the case is one relying purely on circumstantial evidence the test requires that the evidence exclude every other reasonable hypothesis except the guilt of the accused. And if the evidence supports an inference other than guilt, a finding of guilt is not a rational finding. *Wilson v. State, supra.*

Appellant's assessment of the evidence supporting the jury's finding may be summarized as consisting entirely of hearsay testimony of the child's mother and brief medical testimony of the examining doctor. The argument advanced is that the medical testimony is essentially nonprobative because the medical examination was not conducted on March 7, 1985, at a time when it would have corroborated the mother's contention that she saw sperm discharging from the child's vagina.

We find it appropriate to quote the following excerpt from appellant's brief:

> The record reflects that Doctor Dickstein indicated that the injury was relatively minor; that is, that 'someone or *something* inflicted a little bulge on the rim of the hymen.' He testified that the injury did not necessarily evidence sexual abuse and he could give no indication as to when the injury occurred. He further testified that in his opinion, a full penetration would have caused much more injury. Therefore, appellant contends that we have a minor injury and a star witness saying that she saw what she thinks was sperm *flowing* from the vagina area for *two* days. (emphasis appellant's)

The indictment in the instant cause charged that appellant caused the penetration of the child's vagina by inserting his penis into the vagina of the child. In an alternate paragraph the indictment charged that penetration was accomplished by a means to the Grand Jury unknown.

Because proof of either means of penetration will support a conviction it is immaterial that the mother's testimony that she saw sperm discharging from the child's vagina be corroborated.

It is sufficient that probative evidence establish beyond a reasonable doubt that penetration was accomplished through some means attributable to appellant with the requisite criminal intent. We think the evidence clearly supports such a finding. Nevertheless, we examine the record to see if the evidence raised a reasonable hypothesis which supports an inference other than the guilt of appellant. If it does, a finding of guilt cannot be a rational finding no matter how much suspicion the evidence may cast upon appellant.

We first review appellant's brief in an effort to ferret out such reasonable hypotheses as may be argued on appeal. We find but a singular one. Appellant argues that a reasonable hypothesis exists because the mother's testimony is nonprobative inasmuch as it is incredible and not worthy of belief. In support of this position appellant points to his testimony wherein he attempted to convince the jury that the entire charge was fabricated by the child's mother. He further points to testimony which supports the contention that appellant was not likely to commit such an act upon his own child. While we agree that the evidence raises such a hypothesis we are not convinced that the hypothesis is a reasonable one when assayed against the entire record. While this court might have tended to believe appellant's evidence over that offered by the State we may not substitute our judgment for that of the jury where probative evidence supports their verdict. *See Girard v. State*, 631 S.W.2d 162 (Tex. Crim.App.1982); *Morris v. State*, 411 S.W.2d 730 (Tex.Crim.App.1967).

The hypothesis advanced by appellant presented nothing more than a credibility issue for the trier of fact to resolve.

Moreover, the test of circumstantial evidence does not permit the alteration of evidence to fit the hypothesis. The procedure to be used involves accepting the inculpatory circumstances and then inquiring if there is a reasonable hypothesis other then guilt which also would account for such circumstances. *Girard v. State, supra.*

Appellant's hypothesis does not accept the inculpatory circumstances and account for them while at the same time supporting an inference other than guilt. The hypothesis presented merely denies the existence of the inculpatory circumstances. Appellant's hypothesis cannot be a reasonable one.

Our own independent examination of the record fails to disclose any other hypothesis which might be considered a reasonable one accounting for the inculpatory evidence mustered against appellant.

We hold that the evidence is sufficient to support the jury's finding of guilt and that such finding is one which any rational trier of fact could have made beyond a reasonable doubt. Appellant's challenge to the sufficiency of the evidence is overruled.

■ Appellant's second point of error alleges that he was denied his fundamental right to confront and cross-examine the witnesses against him. The complaint more specifically focuses upon the testimony of the child's mother regarding the statements made by the child and her interpretation of those statements.

Appellant points to TEX.CODE CRIM. PROC.ANN. art. 38.072 (Vernon Supp. 1987) and assails purported noncompliance by the State with the requisites of the statute.

Article 38.072 entitled "Hearsay statement of child abuse victim" provides in pertinent part:

Sec. 1. This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code, if committed against a child 12 years of age or younger:

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);

(2) Section 25.02 (Incest);

\* \* \* \* \* \*

Sec. 2(a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

The brunt of appellant's complaint of noncompliance centers around his contention that the child did not testify and was never available to testify within the meaning and spirit of Article 38.072. It is appellant's position that the State was required to call the child as its witness and that in any event the child was not competent to testify and was, therefore, unavailable.

Prior to trial appellant filed a motion in limine raising certain questions about the admissibility of the child's out-of-court statements.

Pursuant to the statute, a hearing was held outside the presence of the jury. At this hearing appellant complained about hearsay evidence and of the State's failure to comply with the requirement under the statute that appellant be provided with a written summary of the statement sought to be introduced. Counsel for appellant stipulated that he had been furnished with a verbatim copy of the statement but, nevertheless, insisted on a written summary as called for by the statute. Testimony of the child's mother and Dr. Robert Courtner, a clinical psychologist, were presented by the State. The State further made available to the court and to defense counsel the young child for examination. Defense counsel refused to call the child and instead offered the testimony of appellant's younger teenaged daughter, and Cindy Hahn, a Department of Human Resources investigator. Even though the State once again made available the young child for examination by appellant's counsel, counsel declined.

Although appellant never sought to establish the child's incompetency to testify other than obliquely, he now argues on appeal that the State did not comply with the portion of the statute that required the witness to testify or be made available to testify. This argument is based upon appellant's belief that the child was not available because she would not have been able to testify meaningfully in any event. While the evidence indicated that the child did not communicate to other persons at a prior proceeding, there was no evidence developed for the benefit of the trial court or this court to support appellant's contention that the child's availability would have been meaningless at the time of trial.[2] *Cf. Rhea v. State*, 705 S.W.2d 165 (Tex.App.— Texarkana 1985, pet. ref'd).

2. At the time of trial the child was four years old.

3. TEX.R.CRIM.EVID. 601 now reads in pertinent part:

(a) Every person is competent to be a witness except as otherwise provided in these rules. The following witnesses shall be incompetent

Clearly the child's presence was made available by the State in compliance with the statute. Whether the availability was meaningless is purely speculative inasmuch as appellant voluntarily chose not to test the child's competency.

TEX.CODE CRIM.PROC.ANN. art. 38.-06[3] effective at the time of trial provided in pertinent part:

All persons are competent to testify in criminal cases except the following:

* * * * * *

2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath.

Repealed by Texas Rules of Criminal Evidence effective September 1, 1986 [Acts 1985, 69th Leg., ch. 685, § 9(b) ]. *See* now TEX.R.CRIM.EVID. 601.

In the instant case the child was competent until examined by the trial court and shown not to possess the required intelligence.

Until such time as the child was offered as a witness the trial court was under no obligation to determine competency. *See* TEX.CODE CRIM.PROC.ANN. art. 38.09 (repealed effective September 1, 1986).

We hold that appellant was not denied the right to confront and cross examine a witness.

There is, however, yet another reason why appellant's point of error must be rejected.

■ During trial on the merits the testimony now complained of on appeal was offered repeatedly without a single objection by appellant. Error in the admission of testimony will not be preserved by the filing of a motion in limine. Objection must be made on proper grounds at the

to testify in any proceeding subject to these rules:

* * * * * *

(2) Children. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated.

very time the evidence complained of is offered and a ruling must be secured from the court. *Harrington v. State*, 547 S.W.2d 616 (Tex.Crim.App.1977).

Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. TEX. R.CRIM.EVID. 802; *See Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986) (en banc).

Appellant's second point of error is overruled.

The third point of error once again complains of noncompliance with Article 38.072. As he did at the trial level, appellant again contends that he should have been provided with a summary of the statement in question. Because the State provided appellant with a verbatim report of the statement relied upon we can conceive of no harm to appellant that it was not in summary form. The statement of the child itself was rather abbreviated. We cannot imagine how a summary of an abbreviated statement could have been any more useful than the exact statement itself. Moreover, for the reasons already expressed any complaint in this regard was waived when the testimony complained of was admitted without objection. Appellant's third point of error is overruled.

Because we find no error requiring reversal, the judgment is affirmed.