## MRS. DAVID COMBS V. THE STATE.

No. 21513.   Delivered April 9, 1941.

The opinion states the case.

*J. Mitch Johnson*, of San Saba, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for the possession for the purpose of sale of intoxicating liquor in San Saba County, a dry area; the punishment assessed being a fine of $100.00.

The evidence upon which the conviction is based was procured as a result of a search of appellant's private residence which was a tent. The evidence as to the result of the search was objected to on the ground of a misdescription in the search warrant of the place to be searched. The objection was overruled, proper exception reserved, and the question is brought forward for review. The property to be searched was described in the affidavit for the search warrant and in the warrant itself as follows:

"A certain private dwelling located in San Saba County, Texas, described as (a) tent walled up with planks about three feet with wooden door and glass panel in front, being a brown duck tent, located on the west side of Llano highway leading south out of San Saba, No. 16, about one-fourth of a mile in a southerly direction from the courthouse in San Saba Town; and being the next to the last tent on the right side going South,

on the west side of the highway, fronting the highway, and within the corporate limits of the City of San Saba, occupied by Mrs. David Combs and her family as their home."

The affidavit was signed by Will H. Doran, who was the Sheriff of San Saba County, and by Huts Owen, a deputy sheriff. Upon the trial, the sheriff testified as follows:

"My name appears signed to the Affidavit, together with Mr. Owen's, to search the private residence of Mrs. David Combs, and in said affidavit for said search warrant, before the Honorable H. Clyde Smith, I joined with Mr. Owen and stated, under my oath, among other things that the residence of the defendant, Mrs. David Combs, is located in San Saba County, Texas; that she lived in a tent walled up with plank about 3 feet high, with a wooden door and glass panel front. I now state that that description was not true. I was describing a certain tent upon the exact location previously occupied by David Combs, the husband of the defendant, who is now dead. But, that tent or residence that I was describing has been torn down and moved away. That tent had a wooden door and glassed-in panel, but the residence that I did search I now find is a different tent. Mrs. David Combs, the defendant, had erected a new tent for her residence on the same land and it does not contain the glassed-in panel in front, as set out in the original search warrant signed by me, and I now state, under oath, that the affidavit signed by me and Mr. Owen to search the residence of the defendant, is not true and it is not the proper description of the tent searched by us. I wish to honestly make this correction, as I was wrong in the description."

Mr. Owen, the deputy, gave testimony substantially the same as did the sheriff. Both officers are to be commended for their very frank acknowledgement of the error made in the description of the property. Under the authorities hereafter named, it appears that the trial court should have excluded the evidence discovered as a result of the search under the warrant in question. For a general discussion of the description of the place to be searched, see 38 Tex. Jur., pp. 54 and 56, secs. 31 and 33; Cornelius on Search and Seizure, (2nd Ed.) p. 467, sec. 197, etc; Blakemore on Prohibition, (3rd. Ed.), secs. 905 te 916, inclusive. See also Monroe v. State, 123 Texas Cr. R. 84, 57 S. W. (2d) 856, and cases there cited; Smith v. State, 117 Texas Cr. R. 303, 36 S. W. (2d) 532; Miller v. State, 134 Texas Cr. R. 118, 114 S. W. (2d) 244.

The judgment is reversed and the cause remanded.