**Willis KENTON, Plaintiff in Error,**
**v.**
**STATE of Oklahoma, Defendant in Error.**
**No. A–13105.**

Court of Criminal Appeals of Oklahoma.
Jan. 31, 1962.

Jay Baker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis Wallace, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the District Court of Tulsa County, Oklahoma, wherein Plaintiff in error, Willis Kenton, hereinafter referred to as Defendant, was charged with the offense of Burglary in the 2nd Degree; the case was tried to a jury which found him guilty, and punishment was fixed at 2 years in the State Penitentiary at McAlester, Oklahoma. Judgment and sentence was entered according to the verdict and the Defendant's motion for new trial was overruled and a timely appeal was perfected to this court.

Although there are six assignments of error, it will only be necessary to consider Defendant's fourth contention that "the Court failed to require the court reporter to report the objectionable portions of the argument of the County Attorney when demanded to do so by the defendant." 20 O.S. § 108 (as amended 1953) provides that:

"It shall be the duty of the official court reporter to take down in shorthand, stenotype, or such other method as may be approved by the court and agreed to by all parties, and to correctly transcribe, when required, all the proceedings upon the trial of any cause, as well as all statements of counsel, the witnesses or the court, made during the trial of any cause or with reference to any cause pending for trial, when required by a party or attorney interested therein, and all other matters that might properly be a part of a case-made for appeal or proceeding in error. An attorney in any case pending shall have the right to request of the court or the official court reporter that all such statements or proceedings occurring in the presence of the official court reporter, or when his presence is required by such attorney, shall be taken and transcribed. A refusal of the court to permit, or, when requested, to require any statement to be taken down by the official court reporter, or transcribe after being taken down, upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof."

This statute has been repeatedly construed by this court from 1917 through 1931, and the uniform holding of the court has been that:

"Either party in a trial may demand of the court that the court stenographer shall take down in shorthand any statement made by any party to such trial which might properly be a part of the casemade for appealing or proceeding in error; and if the court refuses to comply with such demand, the matter may be preserved in the record by affidavits or by any other competent evidence, and such refusal upon the part of the trial court will be ground for reversal, without regard to the merits thereof." See Tudor v. State, 14 Okl.Cr. 67, 167 P. 341.

This rule is based upon the sound reasoning that every defendant should be enabled to prepare and present a fair statement of what occurred in the trial court for review upon appeal and the trial court's refusal to comply with a request timely made will result in unnecessary expense of second trials at a great cost to the public and a delay in the proper administration of justice.

Closing argument of counsel is an integral part of the trial, and upon request being made by counsel for recordation of the closing argument, it is deemed prejudicial error for the court to refuse the request, without regard to the merits thereof.

We are therefore of the opinion that this cause should be reversed and remanded for new trial, consistent with this opinion.

NIX, P. J., and BRETT, J., concur.