**Samuel Leroy MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35055.**

Court of Criminal Appeals of Texas.

Dec. 12, 1962.

Rehearing Denied Jan. 23, 1963.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

See also 346 S.W.2d 349.

Raeburn Norris, Houston, for appellant.

Frank Briscoe, Dist. Atty., Gus J. Zgourides and Howell E. Stone, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, life imprisonment.

The testimony will not be summarized except to state that it is sufficient to warrant the finding that the appellant killed the deceased by shooting her with a gun; and that the testimony of the appellant was that he shot the deceased in self-defense and in defense of his wife.

By formal bill of exception the appellant urges error because of the refusal of the official court reporter to take and the refusal of the trial judge to require her to take full shorthand notes of the closing arguments when timely and properly requested by appellant to do so. After such refusal the appellant was required to proceed in the case over his objection and exception that he was being deprived of a record of the jury arguments including his objections, and exceptions to such arguments, and the rulings and remarks of the court thereon.

The judge in his qualifications to the bill stated that he believed that the law made it appellant's responsibility to arrange for the making of a record of the arguments, which the appellant refused to do; and that the refusal to take the arguments in the instant case was harmless as he did not recall that any objections were made. But he did not directly and positively find that no objections were made.

Following the filing of the bill as qualified the appellant filed his bystander's bill. Thereafter, the court filed his bill stating therein that he believed that the appellant's bystander's bill did not reflect the true facts in the case. Then the judge directed that subpoenas be issued for the three bystanders to appear in his court. On the hearing they were examined as to matters related in the bill and also about their qualifications as bystanders because of some interest in the case.

A pauper's affidavit was timely and properly filed by the appellant requesting a transcript of the evidence which was furnished to him.

Art. 2324, R.C.S., Vernon's Ann.Civ.St. art. 2324, provides as follows:

"Each official court reporter shall:

"Attend all sessions of the court; take full shorthand notes of all oral testimony offered in cases tried in said court, together with all objections to the admissibility of the evidence, the rulings and remarks of the court thereon, and all exceptions thereto; take full shorthand notes of closing arguments when requested to do so by the attorney for any party to such case, together with all objections to such arguments, the rulings and remarks of the court thereon, and all exceptions thereto."

In considering a similar statute where the trial court had failed to require the court reporter to record the arguments of counsel to the jury under the Court Reporter Act, 28 U.S.C.A. § 753(b), the Fifth Circuit, U. S. Court of Appeals in Stephens v. U. S., 289 F.2d 308, 309, (1961), said:

"The Act is mandatory in its requirements, and it has been held that its very purpose was to satisfy 'the long-felt need for a verbatim record of all court proceedings, particularly in criminal cases * * *'

"Since the failure of the court reporter to observe the terms of the statute is undisputed and the result is that a full transcript is not available to us, we do not see how we can, under Rule 52(a), F.R.Cr.P., 18 U.S.C.A., adjudicate that there was no showing that any errors which might have been reflected by the transcript were harmless. This conclusion seems to be in line with whatever jurisprudence is available on the subject."

The same question as here presented was considered in the following cases: U. S. v. Taylor, 4 Cir., 303 F.2d 165 (1962);

Kenton **v.** State of Oklahoma, Okl.Cr., 369 P.2d 474 (1962).

■ It is undisputed that appellant's requests were timely and properly made, that the official court reporter refused to observe the mandatory provisions of the statute, and that the judge refused to require her to comply with it.

It is concluded that the appellant complied with the statute and has been deprived of a right expressly given him by the statute, and under the record here presented it calls for a reversal.

For the reason pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.