T. Robert THOMSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13364.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1964.

Leonard G. Geb, Ponca City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error

NIX, Judge:

T. Robert Thomson was charged by Information in the County Court of Kay County with Unlawfully Driving an Automobile While Intoxicated and Under the Influence of Intoxicating Liquor, was tried before a jury, convicted and sentenced to serve Six Months in the County Jail and to pay a fine of $500.00. He lodged his appeal in this Court within the time prescribed by law asserting several assignments of error. After a review of the record, the Court is of the opinion that it will only be necessary to discuss one, as it within itself justifies reversal.

It is to be observed that at the close of the case and prior to the argument of counsel, the defendant, through his counsel, requested that the Court Reporter take down the argument of the County Attorney. This request was refused and defendant saved his exceptions. Defendant contends that this refusal was in violation of the Oklahoma Statute, 20 O.S.1961 § 108, which reads as follows:

"It shall be the duty of the official court reporter to take down in shorthand, stenotype, or such other method as may be approved by the court and agreed to by all parties, and to correctly transcribe, when required, all the proceedings upon the trial of any cause, as well as all statements of counsel, the witnesses or the court, made during the trial of any cause or with reference to any cause pending for trial, when required by a party or attorney interested therein, and all other matters that might properly be a part of a case-made for appeal or proceeding in error. An attorney in any case pending shall have the right to request of the court or the official court reporter that all such statements or proceedings occurring in the presence of the official court reporter, or when his presence is required by such attorney, shall be taken and transcribed. A refusal of the court to permit, or, when requested, to require any statement to be taken down * * * upon the same being shown by affidavit or other direct and competent evidence, to the [Court of Criminal Appeals] shall be deemed prejudicial error, without regard to the merits thereof."

The Statute is clear and easily understood.

If the Statute had been followed since its enactment in 1905, there would be no confusion about the matter. However, attempts have been made in the early days of this Court to modify the Statute to leave it largely in the discretion of the trial judge as to what portion of the argument should be taken. Such a case is reported in Lamm v. State, 4 Okl.Cr. 641, 111 P. 1002, wherein the Court attempted to modify the Statute by saying:

"We think the object of this statute was simply to enable the parties to a trial to secure a record upon appeal, and that *it does not force the judge to have the stenographer take down any statement that would not be subject to review upon appeal.* It does not mean that the court stenographer should be required to take down the entire speeches of counsel for both sides of the case

where no objection is made to such speeches. It gives the counsel the right to have any given statement to which they object and which they desire to incorporate in a case-made taken down by the stenographer, and, upon refusal of the court to have this done, reversible error is committed, without regard to the merits thereof. Indeed, it would be a needless and senseless thing to require a stenographer to take down everything said by counsel to which no objection was made. It would greatly encumber the record and force this court to waste a great deal of time in reading absolutely useless matter. *We therefore hold that the ruling of the trial court upon this question was proper.*"

However, we feel that to so interpret the statute would be in conflict with numerous cases by this Court that deal with improper argument of the county attorney. Walls v. State, 94 Okl.Cr. 255, 234 P.2d 916 is such a case, wherein it is stated:

"Ordinarily, error cannot be predicated upon mere unexplained excerpts from remarks of counsel to jury in absence of sufficient record to advise appellate court of what preceded alleged objectionable remarks and their meaning to be adduced from context, and whether or not they were invited or provoked by remarks made by opposing counsel."

Also, see Parker v. State, 91 Okl.Cr. 71, 216 P.2d 340; Seals v. State, 92 Okl.Cr. 272, 222 P.2d 1037; McKinnon v. State, Okl.Cr., 299 P.2d 535; Hunsaker v. State, 81 Okl.Cr. 321, 164 P.2d 404; Graham v. State, 80 Okl. Cr. 159, 157 P.2d 758; Love v. State, Okl. Cr., 319 P.2d 317.

It would be difficult to determine the prejudice of a closing argument by reading only excerpts therefrom. It would be necessary to have the entire argument to see whether the portion complained of was provoked by some statement of opposing counsel, or what led up to the argument objected to by counsel. With modern day recording devices, it would be an easy task for which the reporter would be paid in case of appeal.

In the case of Helm v. State, 11 Okl.Cr. 404, 146 P. 1083, Judge Armstrong, in construing the statute, supra, used language which this Court, as now constituted, agrees:

"Both the statutes and the holdings of this court are clear, and the rights of the plaintiff in error well defined. The trial courts should exercise sufficient diligence to follow the plain letter of the statute, especially when such statute has been construed and uniformly upheld by the appellate court."

The Court re-affirms its stand as related in Kenton v. State, Okl.Cr., 369 P.2d 474, when Judge Bussey stated:

"Closing argument of counsel is an integral part of the trial, and upon request being made by counsel for recordation of the closing argument, it is deemed prejudicial error for the court to refuse the request, without regard to the merits thereof."

In accordance with the foregoing citations, the judgment and sentence of the trial court is hereby Reversed and Remanded for a new trial.

JOHNSON, P. J., and BUSSEY, J., concur.