**Carl Matthew WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40501.**

Court of Criminal Appeals of Texas.

July 19, 1967.

Aultman & Riley, by Ronald Aultman, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Grady Hight. Glenn Goodnight and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, five years.

In view of the fact that this conviction must be reversed, a recitation of the facts will not be deemed necessary.

Appellant's Bill of Exception No. 5 and his exception to the court's charge found in the record disclose that while the court was reading his charge to the jury, appellant's counsel observed for the first time that it contained a misstatement of the law in that it assumed that the jury had already found appellant guilty and was at that time passing upon the question of punishment only, which was not the case, as the State was seeking the death penalty, and there was not a separate hearing on punishment. Before the judge had completed the reading of his charge, appellant's counsel approached the bench and notified the court that he wanted to except to the same and immediately did so in longhand, which was by the court overruled in writing.

The fatal error in the court's charge will be demonstrated by quoting therefrom the form of verdict to be used in the event the jury desired to recommend probation:

"You are instructed that, in this case, the defendant has filed a pleading in writing, under oath, stating that he has never before been convicted of a felony in this, or any other state, and requesting that the imposition of the sentence herein be suspended, that he be placed on probation as provided by law. * * *"

"You are therefore instructed that, if you find that the defendant has never before been convicted of a felony in this or in any other state, and if you assess his punishment at confinement in the Department of Corrections for a term not to exceed ten years, then, if you so desire in your discretion as a jury, to recommend that the Court suspend the imposition of such sentence as you may impose, and that the defendant be placed on probation then the form of your verdict will be as follows. * * *"

The provisions of Article 693, V.A. C.C.P., 1925, and its predecessors which provided "If the plea is not guilty, it (the jury) must find that the defendant is either guilty or not guilty" was carried forward in paragraph 1 of Article 37.07 of the 1965 Code. The verdict authorized by the court which recommended probation would not, standing alone, comply with the requirement of Section 1 of Article 37.07, Vernon's Ann.C.C.P.

In addition to the above we also call attention to the error of the court in refusing to make the services of the court reporter, who was seated in a room adjacent

to the courtroom, available to appellant during the voir dire examination of the jury. Recently in Morris v. State, Tex. Cr.App., 411 S.W.2d 730, we had occasion to discuss the same question. There we said, "[t]here can be no doubt but what the learned trial judge erred in failing to comply with all of its (Article 40.09, Sec. 5, V.A.C.C.P.) terms." We affirmed Morris because in that case the appellant was standing upon the failure of the court to comply with his request for a reporter alone and there was no claim or showing that he was in any way injured by the court's ruling. Such is not the case at bar where appellant's counsel twice during the voir dire examination of the panel vehemently urged that he was being deprived of valuable testimony by which he could show that one juror was disqualified and that possibly a number of the panel might have received information de hors the record which might have disqualified each of them.

For the errors pointed out, the judgment is reversed, and the cause is remanded.