Ervin Ernest SPICER, III, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16880.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Ray Naifeh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Ervin Ernest Spicer, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of

Possession of Stimulants. His punishment was fixed at one (1) year in the county jail, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite the statement of facts. Defendant's sole proposition asserts that the trial court erred in refusing defendant's request for a court reporter during the voir dire examination. We are of the opinion that this proposition is well taken. The Record reflects that on the hearing of defendant's motion for new trial, the Court remarked:

> "THE COURT: All right. Comes on for hearing the motion for failure to provide a Court Reporter and move to dismiss. The occasion for this particular motion is that during the vior dire examination in the absence of a reporter the Assistant District Attorney asked the jurors whether or not they'd been reading the papers about the proposed changes in laws concerning marihuana, stimulants, LSD and so forth, and he even went so far as to ask the jurors if they realized that, under the proposed amendments, LSD, the possession of LSD would become a felony; to that some objection was made by the defense attorney and the Court felt that, since the damage, if any, had been done, the admonition to the jury which followed by the Court to the effect that we are trying this case under laws that exist today and we're trying only this particular offense, was sufficient at the time, and, accordingly, the request for reporter was denied at that point."

Title 20 O.S.Supp.1968, § 106.4(a) in part states:

> " * * * A refusal of the court to permit of to require any statement to be taken down by the court reporter or transcribed after being taken down, upon the same being shown by affidavit of other direct and competent evidence, to the Supreme Court, or other appellate court, *shall constitute a denial of due*

*process of law.* * * * A trial or proceedings may proceed without the necessity of a court reporter being present, unless there is objection by a party or counsel. * * *" (Emphasis added)

The judgment and sentence is accordingly reversed and remanded.

BRETT, J., concurs.