Mary Josephine VINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44767.

Court of Criminal Appeals of Texas.

May 3, 1972.

Vincent W. Perini, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for driving a motor vehicle upon a public road while intoxicated. Trial was held before a jury, which assessed punishment of a fine of fifty dollars, and confinement in jail for seven days, with a recommendation that appellant be granted probation.

In her brief, appellant asserts sixteen grounds of error. In her fourth and fifth grounds of error, appellant contends that the trial court erred in refusing her request to have the court reporter transcribe the voir dire examination of the jury panel.

The record reflects that appellant filed, prior to trial, a motion requesting that the court reporter be ordered to take the voir dire examination. The motion was denied by the court, with the court noting on the motion that any matter in controversy would be recorded. The record further reflects that the court reporter was called into the courtroom several times during the voir dire examination, and that several portions of the examination were recorded. One portion of the voir dire examination which appears in the record begins with appellant's counsel asking for and receiving permission to repeat a question, in the presence of the court reporter, which he had previously asked of the panel. After he repeated the question, the court qualified his informal bill, whereupon appellant requested that the court reporter remain in the courtroom and transcribe the remainder of the examination. The court stated that he adhered to his prior ruling (apparently referring to his ruling on appellant's written motion), and that the court reporter would only record a matter in controversy. Appellant then excepted to the court's qualification of his bill, and again requested that the court reporter record the balance of the voir dire examination. Appellant's request was again denied. The court reporter was later called back into the courtroom to record another portion of the examination.

Article 40.09, § 4, Vernon's Ann. C.C.P., provides, in part: "At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination . . . . " This Court has held that the failure to grant a defendant's request to record the voir dire examination is not re-

versible error *per se*, but is reversible error only where some action occurring during the voir dire examination is assigned as error. Miller v. State, 472 S.W.2d 269 (Tex.Cr.App.1971); McClain v. State, 432 S.W.2d 73 (Tex.Cr.App.1968); Evans v. State, 430 S.W.2d 502 (Tex.Cr.App.1968); Williams v. State, 418 S.W.2d 837 (Tex. Cr.App.1967); Morris v. State, 411 S.W.2d 730 (Tex.Cr.App.1967). In the instant case, three of appellant's grounds of error relate to the court's refusal to permit him to ask certain questions of the veniremen. In one instance, the question, after having been asked out of the presence of the court reporter, was repeated by appellant's counsel, but counsel and the court disagreed as to the original content of the question.

■ We are of the opinion that the court's refusal to order the court reporter to record the voir dire examination was reversible error. That which occurred at the voir dire examination is the subject of three of appellant's grounds of error, and for that reason, this case should be reversed. Evans v. State, 430 S.W.2d 502 (Tex.Cr.App.1968). Williams v. State, 418 S.W.2d 837 (Tex.Cr.App.1967). We are aware that the particular questions to which appellant refers are contained in that portion of the examination which was recorded, but we do not feel that this fact renders the court's error harmless. A decision as to the propriety of refusing to permit a defendant to ask a particular question on voir dire examination of prospective jurors must often be based upon the relation of the question to the voir dire examination as a whole. See Darnaby v. State, 108 Tex.Cr.R. 408, 1 S.W.2d 615 (Tex.Cr.App.1927). It is difficult to reach a sound decision on the basis of the content of the question alone without reference to the other questions which have been asked. Also, one purpose of the statute requiring that the voir dire examination be recorded is to prevent the confusion of repetition of questions, and qualifications to bills such as occurred in this case.

■■ The State contends that no error was shown by the court's failure to record the entire voir dire examination because no bill of exception appears in the record. The purpose of Art. 40.09, § 4, is to eliminate the necessity for the cumbersome procedures attendant upon formal bills of exception and bystanders' bills. If this Court were to require that error which occurs at the voir dire examination be preserved in the same manner as if the statute did not exist, in the face of a request that the examination be recorded, then the statute would be a nullity.

■ Appellant also asserts as error the admission of testimony by the arresting officers as to the duties of the jail supervisor in regard to persons arrested for driving while intoxicated, and his action in regard to appellant. In light of our disposition of appellant's fourth and fifth grounds, we need not review appellant's contention in detail. Suffice it to note that the testimony to which appellant objects was to the effect that the jail supervisor, or jail sergeant's duty was to talk to the person arrested, and decide whether the person should be jailed or released, and that after talking to appellant, the jail sergeant did not release her. The only inference to be drawn from this testimony was that the jail supervisor believed that appellant was intoxicated. In the event of a retrial, the court should be aware that actions are inadmissible to show the belief or opinion of a person doing the act, where offered to show that the belief is true. 1 McCormick & Ray, Texas Law of Evidence, § 784; Byrd v. State, 89 Tex.Cr.R. 371, 231 S.W. 399 (Tex.Cr.App.1921); Wells v. State, 43 Tex.Cr.R. 451, 67 S.W. 1020 (Tex.Cr.App.1902).

■ The testimony as to the jail supervisor's actions, which was evidence of his belief, was as inadmissible as would have been testimony regarding the supervisor's statements of belief, both being hearsay.

The judgment is reversed and the cause remanded.