**Delbert YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45460.**

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Behan & Leech, by Paul W. Leech, Dallas, for appellant.

Henry Wade, Dist. Atty. and Catharine T. Hill, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the misdemeanor offense of driving a motor vehicle upon a

public highway while intoxicated; the punishment, forty-five days confinement in the county jail and a fine of $500.00.

The appellant does not challenge the sufficiency of the evidence.

Appellant's first ground of error alleges that the court erroneously admitted into evidence a portion of the police officer's offense report.

The arresting officer made an offense report concerning the arrest in two parts. One part concerned the offense of driving while intoxicated and the other part concerned the less serious traffic violations of failing to stop at a stop sign, driving at an excessive and unlawful rate of speed and failing to stop for an emergency vehicle. A notation in each part of the offense report made reference to the other part.

After the officer had testified, the defense counsel requested and was furnished both parts of the offense report for the purpose of cross-examining the officer. Counsel used the portion of the report concerning the other traffic offenses in attempts to impeach the arresting officer. Although portions of the offense report were read from in the attempted impeachment, that portion of the record itself was not introduced in evidence. The State later offered and the court admitted into evidence under the provisions of Article 38.24, Vernon's Ann.C.C.P., the remainder of the offense report which concerned the driving while intoxicated offense. It was the State's contention that this portion of the offense report was necessary to be considered with the other portion of the offense report to understand the entire matter. When the prosecutor commenced to read the exhibit into evidence, the trial court stopped him when he reached the point where the offense report stated that the appellant had refused to take a blood alcohol test.

After the jury had retired, it requested that State's Exhibit No. 1, the offense report which had been introduced, be brought to the jury room. The request was received and granted by the trial court in open court and a record of this proceeding was made. The appellant made no objection to the report being furnished to the jury and did not request that the portion showing that the appellant had refused a blood alcohol test be excised from the exhibit before being given to the jury.

■ The portion of the offense report used by defense counsel for the purpose of impeachment of the officer is not included in the record. The appellant should have made this exhibit a part of the record, in order that his complaint could be reviewed. However, from the record before us, it appears the trial court's admission of the other portion of the offense report for the reason admitted was proper. Article 38.24, V.A.C.C.P.; Mabou v. State, 429 S.W.2d 891 (Tex.Cr.App.1968); Taylor v. State, 420 S.W.2d 601 (Tex.Cr.App.1967); and Garcia v. State, 473 S.W.2d 488 (Tex.Cr.App.1971). In the circumstances of this case the court was correct in not permitting the prosecutor to read to the jury the statement that the appellant had refused to take a blood alcohol test. The appellant did not object at the time of trial to the exhibit being delivered to the jury in the jury room and his ground of error on appeal complains only of the admission of the exhibit. No error is shown.

■ The appellant's ground of error number two complains that the trial court improperly limited cross-examination of the arresting officer.

The arresting officer was cross-examined and recross-examined at great length. The trial court did not abuse its discretion in the matter of which complaint is made. See Vasquez v. State, 415 S.W.2d 188 (Tex.Cr.App.1967) and Garcia v. State, 427 S.W.2d 897 (Tex.Cr.App.1968).

■ The appellant complains in a supplemental brief filed in this court that the trial court refused his request to require the court reporter to record all of the voir

dire examination of the jury. This was not made a ground of error in the appellant's brief filed in the trial court, as required by Article 40.09, § 9, V.A.C.C.P. No action occurring during the voir dire examination of the jury has been made a ground of error on appeal. We do not find that in the interest of justice this unassigned error should be considered under the provisions of Article 40.09, § 13, V.A.C.C.P.

The judgment is affirmed.

Opinion Approved by the Court.