Arthur Joseph JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45740.

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Michael Thornell, Houston, for appellant.

Carol Vance, Dist. Atty., Robert C. Bennett, Jr., Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at life.

Samuel De Mart testified that appellant stabbed the deceased with a knife while the deceased was standing in his (deceased's) front yard, on Drew Street, in Houston, on December 8, 1970. Assistant Medical Examiner Green testified that the official autopsy report showed that a post mortem examination was performed on the body of the deceased on December 8, 1970, and the cause of death was determined to have been a stab wound to the chest.

Appellant contends that the court should have required the court reporter to

have taken the voir dire examination and final arguments. The record reflects no request by appellant to have the court reporter take the voir dire or the jury argument, as permitted by Article 40.09, Sec. 4, Vernon's Ann.C.C.P. Said Article is not mandatory but rather provides that "at the request of either party," the court reporter shall take shorthand notes of all trial proceedings. Taylor v. State, Tex.Cr.App., 489 S.W.2d 890 (1973);[1] Brooks v. State, Tex.Cr.App., 399 S.W.2d 357; Hintz v. State, Tex.Cr.App., 396 S.W.2d 411; Johnson v. State, 169 Tex.Cr.R. 612, 336 S.W. 2d 175, cert. denied, 364 U.S. 927, 81 S.Ct. 355, 5 L.Ed.2d 267. No error is shown.

■ Appellant complains of the court's failure to charge the jury on the law set forth in Article 1223, Vernon's Ann.P.C., providing:

"when the homicide takes place to prevent murder, maiming, disfiguring, or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring, or castration, are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

No objections to the court's charge were made nor were any requested charges presented, as required by Articles 36.14 and 36.15, V.A.C.C.P. Taylor v. State, supra; Golden v. State, Tex.Cr.App., 475 S.W.2d 273; Gibbs v. State, Tex.Cr.App., 468 S. W.2d 69. Nothing is presented for review.

■ Appellant contends that court-appointed counsel in the trial court was ineffective in that the docket sheet reflects

that appellant's voir dire examination only lasted ten minutes and for the further reason that a charge was not requested under Article 1223, V.A.P.C. The length of the voir dire examination could have very well been dictated by trial strategy of appellant's court-appointed trial counsel. We find no merit in the complaint that counsel was ineffective for failing to have requested a charge under Article 1223, V.A.P.C. Appellant, testifying in his own behalf, negated the fact that deceased was making any attack upon him, stating that his stabbing deceased in the chest was an accident.

"The adequacy of an attorney's services on behalf of the accused must be gauged by the totality of the representation." Satillan v. State, Tex.Cr.App., 470 S.W.2d 677.

■ An accused is not entitled to error-less counsel, but counsel reasonably likely to render and rendering reasonably effective assistance. MacKenna v. Ellis, 280 F.2d 592 (5th Cir.); Satillan v. State, supra; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

In Williams v. Beto, 5 Cir., 354 F.2d 698, it was said, "As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, in the better light of hindsight."

We conclude that the record reflects appellant had adequate representation in the trial court.

The judgment is affirmed.

Opinion approved by the Court.

---

1. In Taylor v. State, supra, this Court, in a footnote, suggested: "Trial judges should, even in the absence of a request to do so, have the court reporter record all the proceedings unless the same is waived."