**Norman Norris JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45977.**

Court of Criminal Appeals of Texas.

March 14, 1973.

Rehearing Denied June 20, 1973.

Second Rehearing Denied July 17, 1973.

Roberts, J., filed a dissenting opinion in which Odom, J., joined.

Odom, J., filed an opinion dissenting from the denial of a rehearing and Roberts, J., filed an opinion concurring in the dissent from denial of a rehearing.

Melvyn Carson Bruder, Dallas (Court-appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin. After the jury returned a verdict of guilty, punishment was assessed by the court at thirty-five years.

At the outset, appellant complains that the arrest and search were illegal so as to render any evidence seized incident thereto inadmissible.

Dallas police officers, armed with a search warrant, entered appellant's apart-

ment on Junction Street, in Dallas, in the early morning hours of May 19, 1971, and seized nine capsules of heroin, a hypodermic syringe and needle and three burnt spoons.

Appellant urges that the testimony is inconclusive that the search which revealed the incriminating evidence occurred at the address described in the warrant.

The search warrant and affidavit upon which it is based describe the place to be searched as "apartment 107 of a two story multi-unit apartment complex" located at 3212 Junction Street in the city of Dallas.

Appellant directs our attention to a "prosecution report" prepared by Officer Green, of the Dallas Police Department, which reflects: "Place of arrest 3213 Junction, Apt. 107." At another place in the report after "where and how committed," the address is listed as "3212 Junction, Apt. 107," the same address which appears in the affidavit and search warrant. At still another place in the "prosecution report," the address of appellant is listed as "3212 Junction, Apt. 107."

J. T. Williams, one of the officers who made the search in question, testified in response to a question on cross-examination by appellant as to whether the address searched was 3213 Junction rather than 3212 Junction that "to my knowledge, it was 3212. It was on the even side of the street," and that the place searched was located in "a multiple-unit apartment complex."

Officer Green, who participated in the search and prepared the "prosecution report," testified that he thought the listing of the place of arrest as 3213 Junction was a typographical error.

In support of his contention, appellant cites Balch v. State, 134 Tex.Cr.R. 327, 115 S.W.2d 676; Combs v. State, 141 Tex.Cr.R. 476, 149 S.W.2d 971 and Childress v. State, 163 Tex.Cr.R. 467, 294 S.W.2d 110. In Balch v. State, supra, this Court held that an affidavit and search warrant describing

premises as "302 East Robbins Street" did not authorize search of "304 Robbins Street." In Combs v. State, supra, the search was held invalid where officers admitted that they erroneously described the premises which were searched when they prepared the affidavit for the search warrant. In Childress v. State, 163 Tex.Cr.R. 467, 294 S.W.2d 110, it was stated if the residence searched was not that described in the warrant, then no valid search warrant authorizing the search existed.

We find the instant case to be distinguishable from the foregoing cases relied on by appellant. The testimony of the officers, the return on the search warrant (reflects that seized property was taken from address described in the warrant), and the prosecution report, except that portion which shows the arrest to have taken place at 3213 Junction, reflect that the search was conducted at apartment 107 of a multi-unit apartment complex at 3212 Junction, the address described in the search warrant. We find that the State has discharged its burden of proving that the contraband was found upon the premises authorized to be searched by the search warrant. See Childress v. State, supra. Further, as long as the place searched was the residence described in the warrant, the fact that appellant was arrested at another address does not render the search invalid.

Appellant contends that the court erred in refusing his request that the court reporter take shorthand notes of the voir dire examination.

The record reflects that appellant, prior to trial, requested the court in writing to order the court reporter to record the questions and answers propounded to the jury during voir dire examination.

Appellant relies on Article 40.09, Sec. 4, Vernon's Ann.C.C.P., the pertinent portion of which provides: "At the request of either party the court reporter shall take shorthand notes of all trial proceedings including voir dire examination. . . . "

■ The State relies on Miller v. State, Tex.Cr.App., 472 S.W.2d 269, in urging that the court's refusal of appellant's request to order the court reporter to record the voir dire examination is not reversible error. In Miller v. State, supra, the defendant's request that the court reporter take the voir dire examination was denied. This Court noted that there was not any suggestion that anything occurred on voir dire to the detriment of appellant and said that absent a showing of harm or prejudice, failure to comply with appellant's request is not reversible error. In Vines v. State, Tex.Cr.App., 479 S.W.2d 322, this Court held it was reversible error for the court to refuse to order the court reporter to record voir dire examination where some action occurring during the voir dire examination is assigned as error. See Young v. State, Tex.Cr.App., 488 S.W.2d 92, 94.

■ In the instant case, appellant has not shown harm or prejudice by virtue of the court's refusal to order the recording of the voir dire examination, Miller v. State, supra, nor has appellant claimed that some action occurring during voir dire examination constitutes error, Vines v. State, supra. Thus, reversible error is not shown, but in so holding, we reaffirm the position taken by this Court in Miller v. State, supra, where it was stated: "We do not mean to imply that we approve the action of the trial court in refusing to comply with Art. 40.09, Sec. 4, V.A.C.C.P. The rule should be followed."[1]

· Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge (dissenting).

Appellant contends that the court erred in refusing his request that the court re-

porter take shorthand notes of the voir dire examination.

The record reflects that appellant, prior to trial, requested the court in writing to order the court reporter to record the questions and answers propounded to the jury during voir dire examination.

Appellant relies on Article 40.09, Sec. 4, V.A.C.C.P., the pertinent portion of which provides: "At the request of either party the court reporter *shall* take shorthand notes of all trial proceedings including voir dire examination. . . ." (Emphasis added.)

While the statute makes it mandatory for the court reporter to take shorthand notes of the voir dire examination, upon the request of either party, this Court has held the failure to comply with such request is not reversible error absent a showing of harm or prejudice, Miller v. State, Tex.Cr.App., 472 S.W.2d 269, or where action occurring during the voir dire examination is alleged to be error. Vines v. State, Tex.Cr.App., 479 S.W.2d 322; Young v. State, Tex.Cr.App., 488 S.W.2d 92, 94.

This Court has urged trial judges to have the court reporter take all the proceedings of trial. In Miller v. State, supra, this Court said, "We do not mean to imply that we approve the action of the trial court in refusing to comply with Art. 40.09, Sec. 4, V.A.C.C.P. The rule should be followed." In the recent cases of Taylor v. State, 489 S.W.2d 890 (Tex.Cr.App. 1973) and Jackson v. State, 491 S.W.2d 155 (Tex.Cr.App.1973), this Court urged trial judges, even in the absence of a request to do so, to have the court reporter record all the proceedings unless the same is waived.

The rule set forth in Vines v. State, supra, that a refusal of a request to have the court reporter to record the voir dire is not error unless action occurring during voir

---

1. In Taylor v. State, 489 S.W.2d 890 (Tex. Cr.App.1973) and Jackson v. State, 491 S.W.2d 155 (Tex.Cr.App.1973), this Court has, in footnotes to the opinions, urged trial judges, even in the absence of a request to do so, have the court reporter record all the proceedings unless the same is waived.

dire examination is claimed as error in effect places no additional burden on appellant. It does not require resourceful counsel to allege that error occurred during voir dire examination. The appellate court is placed in the positoin of holding that reversible error occurred merely because an appellant makes such an allegation. In Vines v. State, supra, the problem which arises when the voir dire examination is not taken or where only a portion of same is recorded is brought into focus. In the Vines case, the questions which were objected to on voir dire had been recorded, but the court noted that this did not render the court's error harmless since the propriety of refusing to permit a defendant to ask a particular question on voir dire examination of prospective jurors must often be based upon the relation of the question to the entire voir dire examination. The rule announced in Vines enables a defendant to make a "tongue in cheek" request that the voir dire examination be recorded, hoping that the trial court will deny such request and, thus, open the door for reversal on appeal by merely claiming that error occurred during voir dire examination.

The statute makes it mandatory for the court reporter to record the voir dire examination upon request. The voir dire examination of the veniremen is a vital part of the trial.

A denial of a request to take same is not only a violation of the mandatory provision of Article 40.09, Sec. 4, V.A.C.C.P., which may very well result in a denial of the defendant's right of review of his case by an appellate court, but is also an invitation for the defendant to "sand-bag" the trial court under the holding in Vines v. State, supra.[1]

The recording of all the proceedings in a trial affords the appellate court an opportunity to fairly review the case for the defendant and the State. Further, in the course of voir dire examination of the ve-

niremen, the trial court is in a position to have the court reporter's notes available to speak the truth when a dispute arises over a question asked by an attorney or an answer given by a venireman.

We should hold that the failure of the trial court to grant appellant's request to have voir dire examination taken in violation of Article 40.09, Sec. 4, V.A.C.C.P., is reversible error, and overrule our past decisions to the contrary.

I respectfully dissent.

ODOM, J., joins in this dissent.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

On original submission the majority held, among other things, that the appellant had failed to claim that some action occurred during voir dire examination of the jury panel which he was unable to bring forward in the appellate record because of the refusal of the trial court to order the court reporter to take the voir dire examination. Cases which emanated from Morris v. State, 411 S.W.2d 730 (Tex.Cr.App. 1967), were cited in support of the holding. A dissenting opinion in which two judges joined was filed.

Although appellant's court-appointed trial counsel did not allege in the motion for new trial or otherwise that the appellant was harmed in any way by the trial court's action, appellant's court-appointed counsel on appeal, finding the court's refusal to have the voir dire examination recorded in the record, vigorously urges on rehearing a reconsideration of the holding in Morris v. State, supra, contending this court should adopt a presumed prejudicial error interpretation to be given to Article

1. This same writer was spokesman for the Court in Vines v. State, supra. I recognize the error in that decision and would

now have this Court adopt the more rational rule, as urged in this dissent.

40.09 § 4, Vernon's Ann.C.C.P., which reads, in part, as follows:

"At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination . . . ."

The motion for rehearing has provoked another dissenting opinion by one of the original dissenters, and it may be well to re-examine the proposition urged.

Morris v. State, supra, was the first case to interpret Article 40.09 § 4, supra, with regard to a refusal of a trial court for the court reporter to take the voir dire examination after the statute was enacted in 1965.

■ It is clear from reading the statute in question that it does not come into play in absence of a request. Failure to request the court reporter to take the voir dire examination of the jury panel constitutes a waiver and there is no basis for reversal. Taylor v. State, 489 S.W.2d 890 (Tex.Cr. App.1973); Jackson v. State, 491 S.W.2d 155 (Tex.Cr.App.1973); Garrett v. State, 434 S.W.2d 142 (Tex.Cr.App.1968), cert. denied 394 U.S. 949, 89 S.Ct. 1287, 22 L. Ed.2d 484; Wright v. State, 437 S.W.2d 566 (Tex.Cr.App.1969). *Cf.* Gasery v. State, 465 S.W.2d 377 (Tex.Cr.App.1971). And, under such circumstances, there is no denial of due process or fair trial. Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App. 1968); Palka v. State, 435 S.W.2d 525 (Tex.Cr.App.1969). See also State v. Moore, 108 Ariz. 532, 502 P.2d 1351 (1972); Graham v. State, 13 Md.App. 171, 282 A.2d 162 (1971).

As Judge Odom so clearly pointed out in Taylor v. State, supra,

". . . The record reflects no request by appellant to have the court reporter transcribe the voir dire or the jury argument, as permitted by Article 40.09, Section 4, V.A.C.C.P. *Said Article is not mandatory* but rather provides that 'at the request of either party' the court re-

porter shall take short-hand notes of all trial proceedings. . . ." (Emphasis supplied.) 489 S.W.2d at 892.

■ Those who have failed to make the necessary request must then rely upon formal bills of exception, an agreed statement of facts, or other permissible methods of bringing forward any claimed errors occurring during the voir dire examination.

In Morris v. State, supra, there was a timely request, and a refusal by the trial court, and this court was confronted with the question of whether such refusal constituted reversible error per se where there was no showing that, as a result of the trial court's action, the accused was deprived of any informal bills of exception reserved during voir dire examination nor any claim, contention, or suggestion made that anything occurred during the voir dire examination to the detriment of the accused.

In holding that there was error but no reversible error in absence of an assertion of a specific ground of prejudice, the court relied, in part, upon Strauss v. United States, 311 F.2d 926 (1963), where the Fifth Circuit Court of Appeals said:

". . . Furthermore, no specific error or prejudice resulting therefrom is called to our attention. This is the very least that would be required under Stephens v. United States, 5 Cir., 1961, 289 F.2d 308, where errors were specified, and where there was no record on which to test the claimed errors. To permit an appellant simply to claim error for failure to record under the Act, without more, would eliminate the necessity of a showing of prejudice because of the error. The error may well have been harmless when considered in the light of the facts which were reported. . . ." 311 F.2d at 933.

Other federal cases were cited and Moore v. State, 363 S.W.2d 477 (Tex.Cr. App.1963), which involved Article 2324,

Vernon's Ann.Civ.St., was clearly distinguished.

In *Morris,* this court made clear that the trial court had erred and its action was not to be commended but refused to reverse an otherwise valid conviction in the absence of any specific assertion of prejudice.

McClain v. State, 432 S.W.2d 73 (Tex. Cr.App.1968), followed the *Morris* decision, saying,

". . . [t]here is no showing that any objection was made during the voir dire of the jury or that anything occurred during that time which was prejudicial to the appellant. No reversible error is presented. . . ."

Miller v. State, 472 S.W.2d 269 (Tex. Cr.App.1971), an opinion by Judge Roberts, was also like Morris in that there was

". . . no showing that appellant, as a result of the trial court's order, (sic) was deprived of any informal bills of exception reserved during voir dire examination nor is there any suggestion that anything occurred on voir dire to the detriment of appellant." 472 S.W.2d at 273.

In Young v. State, 488 S.W.2d 92 (Tex. Cr.App.1972), the appellant, in a supplemental brief filed only in this court, raised the question of the trial court's refusal to require the court reporter to record all of the voir dire examination. Noting that the ground of error had not been raised in the trial court as required by Article 40.09 § 9, this court refused to review the same as unassigned error "in the interest of justice." See Article 40.09 § 13, Vernon's Ann.C.C.P. Obviously this court unanimously, as late as December 20, 1972, did not consider the error of the trial court in refusing to order voir dire examination taken to be presumed prejudicial error.

This court, however, has never hesitated to reverse where there was a specific assertion of prejudice supported by the record.

In Williams v. State, 418 S.W.2d 837 (Tex.Cr.App.1967), decided shortly after *Morris,* this court reversed where the trial court refused the request to have the court reporter to take the voir dire examination where the defense counsel twice during the voir dire examination filed "memorandums" or "bystander bills" vehemently pointing out that they were being deprived of valuable testimony to show one prospective juror disqualified and to show another prospective juror may have given the jury panel information about the case which might have disqualified each of them. These written "memorandums" were supported by testimony offered at the hearing on the motion for new trial.

In Evans v. State, 430 S.W.2d 502 (Tex.Cr.App.1968), the defense also proved up their claim of prejudicial error at the hearing on the motion for new trial and this court reversed for the refusal of the trial court to order the court reporter to take the voir dire examination.

And, in Vines v. State, 479 S.W.2d 322 (Tex.Cr.App.1972), this court again reversed where the court refused to have the court reporter record all the voir dire examination but only those matters in controversy. The possible prejudicial error there was reflected in what had been recorded and brought forward with the court noting that a formal bill of exception was unnecessary to the assertion of the right to a recordation of the voir dire examination under Article 40.09, supra.

In support of his contention, appellant cites and relies upon Kenton v. State, 369 P.2d 474 (Okl.Cr.1963), and Thomson v. State, 389 P.2d 526 (Okl.Cr.1964), construing an Oklahoma statute (20 O.S.1961 § 108).

The statute involved provided, in part:

". . . A refusal of the court to permit, or, when requested, to require any statement to be taken down by the official court reporter, or transcribe after being taken down, upon the same being

shown by affidavit or other direct and competent evidence, to the Supreme Court, *shall be deemed prejudicial error, without regard to the merits thereof.*" (Emphasis supplied.) 369 P.2d at 475.

Both cases were reversed by the Oklahoma Court of Criminal Appeals.

In Spicer v. State, 490 P.2d 1113 (Okl. Cr.1971), the court reversed for the refusal of the trial court to order the voir dire examination taken. The statute involved was 20 O.S.Supp.1968 § 106.4(a), which provided that the refusal of the court to permit recording "shall constitute *a denial of due process of law* . . . ." (Emphasis supplied.)

It is to be observed that our Article 40.-09, supra, has no such provision as the Oklahoma statutes cited relating to presumed prejudicial error or denial of due process, but the dissenters would obviously write such interpretation into our statute.

Moore v. State, 363 S.W.2d 477 (Tex. Cr.App.1963), cited with approval by the dissenting opinion on appellant's motion for rehearing, was clearly distinguished in Morris v. State, supra. As earlier noted, *Moore* involved a construction of Article 2324, Vernon's Ann.Civ.St., and related to a request for recording of jury arguments and there the defendant by bill of exception and bystander's bill asserted a specific ground of prejudice. All of the earlier cases cited in the dissenting opinion on appellant's motion for rehearing did not involve a construction of Article 40.09, supra, but other statutes.

Since the decision in *Morris,* literally thousands of cases have passed through this court on appeal and there have only been seven other cases, including the instant one, where it has been brought to our attention that there was a request for a court reporter to take the voir dire examination and a refusal by the trial court. Three of these cases have been reversed on appeal.

It is interesting to note that of the eight cases involved six of the cases (Morris, McClain, Miller, Vines, Young, and the instant one) all came from Dallas County and the other two cases (Williams and Evans) originated in Tarrant County.

It should be clear from the foregoing that there is no widespread failure of trial courts to comply with the statute or that the interpretation given the statute in *Morris* has resulted in trial judges refusing to comply with the statute "six years later" as the dissent urges.

Further, it should be observed that the Legislature has convened in three regular sessions since the decision in *Morris* without indicating their disapproval by amendment to the statute.

"When a statute has been construed, especially by a court of final resort, the fact that the legislature permits it to stand through one or more subsequent sessions, without amendment, may be regarded as legislative sanction of that construction. . . ." 53 Tex.Jur.2d Statutes § 127, p. 190.

The dissenters urged a presumed prejudicial error approach to the statutory interpretation so that an otherwise errorless trial would be reversed because of the refusal of the defendant's request for a court reporter to take the voir dire examination without any claim of any harm or injury. The same would be true where federal constitutional errors during trial are held harmless beyond a reasonable doubt, Harrington v. California, 395 U.S. 250, 89 S. Ct. 1726, 23 L.Ed.2d 284 (1969), and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), but reversal would still be called for by virtue of a presumed prejudicial error for violation of the statute.

Such an approach reminds one of the old saying: "The cure is worse than the disease."

We remain convinced of the soundness of the *Morris* decision and adhere thereto.

Appellant's motion for rehearing is overruled.

ROBERTS, Judge (concurring and dissenting).

I fully agree with Judge Odom's dissenting opinion and would further add that I cannot understand why the majority cannot realize the *simple* fact that the doctrine of *stare decisis* has *no* application where the court has clearly been wrong in the past.

The Supreme Court of the United States has clearly demonstrated that where prior decisions need to be overturned, it is the duty and obligation of the highest appellate court to refuse to apply the doctrine. See Escobeda v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This Court has an equal obligation.

The science of physics used to teach that an atom was the smallest piece of matter and could not be split. Since Hiroshima and Nagasaki, we know better and now reject that doctrine.

I would reverse and remand.

ODOM, Judge (dissenting).

The writer of the majority opinion overruling appellant's motion for rehearing tells us, simply stated: "If I have ever said it, right or wrong, I'll never change my mind." And, since "the old saying: 'The cure is worse than the disease,'" is now a part of the jurisprudence of this state, it is interesting to note, as the majority opinion points out, that only five cases (eight less the three reversed) would have been involved in the issue here discussed (a small price to pay for so vital a right of an accused). Further, as Judge Roberts recognized "the error" in Vines v. State, Tex.Cr.App., 479 S.W.2d 322, I too recognize the error in Taylor v. State, Tex.Cr.App., 489 S.W.2d 890, wherein I stated, by dictum, that "Said Article [Article 40.09, Section 4, V.A.C.C.P.] is not mandatory."

Now, to the case at bar. In addition to Judge Roberts' dissenting opinion on original submission, in which this writer joined, I will address myself further on the refusal of the trial court to order the court reporter to record questions and answers propounded to the jury during voir dire examination.

The majority, on original submission, relying on Miller v. State, Tex.Cr.App., 472 S.W.2d 269, held that the failure to comply with the mandatory requirements of Article 40.09, Sec. 4, V.A.C.C.P., is not reversible error absent a showing of harm or prejudice. In the case at bar such requirement places an undue burden on appellant's counsel because he was not the same counsel at trial.

I submit that this court got off track in Morris v. State, Tex.Cr.App., 411 S.W.2d 730, when the mandatory provisions of Article 40.09, Sec. 4, supra, were not required. Even then, the court showed concern for noncompliance by stating: "This is by far the most serious contention made by the appellant." Then, the court went on to permit noncompliance with the statute by stating:

"The appellant having specified no error to which the statement of facts of the voir dire examination would be relevant, and given the particular circumstances of the case, we cannot conclude that the error of the trial judge in failing to order the court reporter to record the entire voir dire examination is reversible error. An entirely different question would have been presented if the appellant had specified prejudicial error in the conduct of the voir dire examination which was not recorded by virtue of the court's order and which he was unable to bring forward on review. In such a situation, we would be unable to appraise the alleged error, and would be called upon to reverse."

Of course, in *Morris* there was no showing that the counsel on appeal was different than trial counsel, as is the situation in the instant case. Nevertheless, the court went on to say:

"We do not mean to imply by this opinion any approval of the trial court's refusal to completely comply with the requirements of Article 40.09, Section 4, V.A.C.C.P., . . ." 411 S.W.2d at page 735.

And now, six years later, there are trial judges that refuse to comply with the requirements of such article in spite of this court's continuous warning. E.g., Jackson v. State, Tex.Cr.App., 491 S.W.2d 155; Taylor v. State, Tex.Cr.App., 489 S.W.2d 890; Young v. State, Tex.Cr.App., 488 S.W.2d 92; Vines v. State, Tex.Cr.App., 479 S.W.2d 322; Miller v. State, supra; McClain v. State, Tex.Cr.App., 432 S.W.2d 73; Evans v. State, Tex.Cr.App., 430 S.W.2d 502; Williams v. State, Tex.Cr.App., 418 S.W.2d 837.

It is difficult for this writer to understand why the majority refuse to enforce this mandatory statute or, at least, if they do not agree with the application thereof, call it to the attention of the legislature. Such procedure has been utilized when other troublesome statutes have concerned the court. See, e.g., Beaty v. State, Tex.Cr.App., 466 S.W.2d 284; Rangel v. State, Tex.Cr.App., 464 S.W.2d 858; Elder v. State, Tex.Cr.App., 462 S.W.2d 6.

In Elder v. State, supra, this court, speaking through Presiding Judge Onion, stated:

1. Cf. Parker v. State, Tex.Cr.App., 397 S.W.2d 853; Hartgraves v. State, Tex.Cr.App., 374 S.W.2d 888; Pierson v. State, 147 Tex.Cr.R. 15, 177 S.W.2d 975; Navarro v. State, 141 Tex.Cr.R. 196, 147 S.W.2d 1081.

2. Cf. Article 36.14, V.A.C.C.P.; Taylor v. State, Tex.Cr.App., 489 S.W.2d 890; Jones v. State, Tex.Cr.App., 481 S.W.2d 833; Woods v. State, Tex.Cr.App., 479 S.W.2d 952.

"The statute in question expresses its purpose in plain and unambiguous language and its meaning is clear and obvious. If its application brings about an unseeming result in cases such as the one at bar, this, then, is a matter addressed to the sound discretion of the legislature. It is not the function of this court to set aside the clear intent of the legislature and by our opinions redraft this statute to suit members of this court."

Also, it is difficult for this writer to understand why this court requires strict compliance with the other parts of this mandatory statute but refuses to do so on the isolated part of the first sentence thereunder, to-wit: " . . . including voir dire examinations . . . ." The first sentence of the Article (40.09, Sec. 4, V.A.C.C.P.) reads:

"At the request of either party the court reporter shall take shorthand notes of the trial proceedings, including voir dire examination, objections to the court's charge, and final arguments."

If the same is mandatory as to trial proceedings,[1] objections to the court's charge,[2] and final arguments,[3] then why not voir dire examination?

In Moore v. State, Tex.Cr.App., 363 S.W.2d 477,[4] the defendant requested the court to require the court reporter to take the final arguments and this court wrote:

"It is undisputed that appellant's requests were timely and properly made, that the official court reporter refused to observe the *mandatory provisions of the statute,* and that the judge refused to require her to comply with it.

3. Moore v. State, Tex.Cr.App., 363 S.W.2d 477.

4. The majority's assertion that *Moore* was "clearly distinguished" in *Morris* is a distinction without a difference. Aren't we just allowing an accused a vital right at one end of the trial and denying it at the other end?

"It is concluded that the appellant complied with the statute and has been deprived of a right expressly given him by the statute and under the record here presented it calls for a reversal." (Emphasis supplied.)

Compliance with the statute is not difficult. The transcription is of crucial importance to an appellant and to this court for meaningful review.

The clear intent of the legislature should not be set aside to suit members of this court.

I vigorously dissent.