Opinion filed March 22, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 22, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00203-CR 

                                                    __________

 

                                   MARY DIANNE LONG, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

                                                Trial
Court Cause No. CR-17,191

 



 

                                                                   O
P I N I O N

 

The jury convicted Mary Dianne Long of assault on
a public servant, sentenced her to confinement for four years, and fined her
$2,500.  We affirm.

                                                             I.  Background Facts








Long was an inmate in the Brown County Jail.  Sergeant William J. Benson heard noises that
sounded like a fight coming from pod A-6. 
He instructed Officers Debra Smith and Anna Hernandez to move Long from
pod A-6 to an administrative segregation cell. 
Officer Smith and Officer Hernandez went to pod A-6 and could hear loud
yelling and arguing as they approached. 
They decided to enter and remove Long. 
Inside, they saw Long standing on a table over two other inmates.  Officer Smith instructed the inmates to
return to their bunks.  The inmates
complied, but Long started yelling at the officers and appeared agitated.

Officer Smith instructed Long to gather her
belongings and to leave the cell.  As
Long was leaving, her blanket dropped. 
Officer Smith picked it up and handed it to Long.  When she did so, Long attacked her.  Long hit Officer Smith in the face and
grabbed her hair.  The women hit the
floor with Long on top.  Sergeant Benson
responded and broke up the altercation.

Officer Smith lost two teeth, and a third tooth
was loose.  She injured her shoulder and
required three and one-half months of physical therapy.  She was also cut and had some hair pulled
out.

                                                                       II.  Issues

Long challenges her conviction with three
issues.  Long contends that the evidence
was legally or factually insufficient to support the jury=s verdict, that the trial court erred
by admitting evidence of extraneous conduct at the guilt/innocence phase, and
that her counsel was consti-tutionally ineffective.

                                                                     III.
Analysis

A.  Was
the Evidence Legally and Factually Sufficient?  

Long was indicted for assault by causing bodily
injury to a public servant.  This
requires proof that Long intentionally, knowingly, or recklessly caused bodily
injury to a person she knew was a public servant lawfully discharging an
official duty or in retaliation or on account of an exercise of official power
or performance of an official duty as a public servant.  Tex.
Pen. Code Ann. '
22.01 (Vernon
Supp. 2006).  Long argues that the
evidence is insufficient because only Officer Smith testified that Long
initiated the altercation.  The record
contains other supporting evidence, but even Officer Smith=s testimony, taken alone, would be
sufficient.








In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S.
307 (1979).  To determine if the evidence
is factually sufficient, the appellate court reviews all of the evidence in a
neutral light.  Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at
414-15;  Johnson, 23 S.W.3d at 10-11.

When the evidence is viewed in a light favorable
to the verdict, a reasonable juror could have determined beyond a reasonable
doubt that Long intentionally injured Officer Smith while she was performing
her duties as a corrections officer. 
There was no dispute that an altercation occurred between Officer Smith
and Long, that Officer Smith was in the scope of her duties as a corrections
officer, that the altercation occurred while Long was being moved to an
administrative segregation cell, and that Officer Smith was injured.  The dispute was over who initiated the
conflict and whether Long=s
actions were justified as self-defense.

Officer Smith testified that the altercation broke
out when she and Officer Hernandez attempted to move Long from pod A-6 to an
administrative segregation cell.  Officer
Smith testified that Long had been arguing with another inmate, appeared
agitated, and started yelling at the officers when told to gather her
belongings.  As Long was leaving the
cell, she hit Officer Smith in the face and grabbed her hair.  The two ended up on the floor, and Long hit
Officer Smith=s head on
the floor. 

Officer Hernandez was unable to see the entire
incident, but she did corroborate key portions of Officer Smith=s testimony.  Officer Hernandez testified that Long was
yelling when they arrived at her cell. 
Officer Hernandez testified that Long was unhappy about being moved and
accused the officers of discriminating against her because she was the only
black inmate.  Officer Hernandez saw
Officer Smith hand Long her blanket and then saw Long grab Officer Smith by the
neck.  Officer Hernandez saw Officer
Smith and Long fall to the floor and saw Long on top of Officer Smith.  Officer Hernandez also saw Long hit Officer
Smith while they were on the ground. 
This evidence was legally sufficient to support Long=s conviction.








When the evidence is reviewed in a neutral light,
it is still sufficient to support the jury=s
verdict.  Long testified in her own
defense.  She did not dispute the
incident but contended that she acted purely in self-defense.  Long testified that she was afraid of Officer
Smith because, when Long was booked into the jail, Officer Smith slammed her
head into the wall.  Long testified that
she gathered her belongings when told to do so and that, as she was leaving the
cell, Officer Smith hit her in the back of the head and grabbed her hair.  Long denied striking Officer Smith.  Long testified that she was just trying to
defend herself and that, when they fell to the floor, she saw a pocket knife on
the floor and restrained Officer Smith so that she could not get to the knife.

The jury was responsible for resolving any
conflicts in the testimony and, as such, is the sole judge of the weight and
credibility of the evidence.  Margraves
v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Because there was conflicting evidence, we
may not sustain a factual sufficiency challenge unless the contrary evidence is
so strong that guilt cannot be proven beyond a reasonable doubt.  Watson, 204 S.W.3d at 414.  When the jury is essentially presented with a
Aswearing match,@
the testimony of one party is ordinarily insufficient to sustain this
burden.  See Fuentez v. State, 196
S.W.3d 839, 846-47 (Tex. App.CEastland
2006, no pet.) (defendant=s
testimony alone was insufficient to establish a factual sufficiency
challenge).  Long has presented this
court with no reason why the jury could not have accepted Officer Smith=s testimony over hers.  Long=s
first issue is overruled.  

B.  Did the Trial Court
Err by Admitting Extraneous Conduct During the Guilt/Innocence Phase of the
Trial?

 

Long contends in her second issue that the trial
court erred by allowing evidence of the circumstances surrounding her initial
arrest, including a high-speed pursuit and the fact that she was placed upon
the ground.  After Long rested, the State
called Trooper Carl Keesee as a rebuttal witness.  It is to this testimony that Long
objects.  The State responds that Trooper
Keesee=s
testimony was properly admitted to explain a bump on Long=s head that she blamed on Officer
Smith, to show a bias to law enforcement officials, and to impeach Long=s credibility.

A trial court=s
decision to admit or exclude evidence is reviewed under an abuse of discretion
standard.  Burden v. State, 55
S.W.3d 608, 615 (Tex. Crim. App. 2001). 
We will not reverse the trial court=s
ruling on the admission of evidence as long as the ruling is within the zone of
reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).








Long testified on direct examination that, when
she was being booked into the jail, Officer Smith slammed her head into the
wall and that she had filed a complaint against Officer Smith.  During cross-examination, the State asked
Long about that night and asked if she had been handcuffed and made to lay on
the ground.  Long denied ever having been
placed on the ground.  She also denied
accusing the DPS troopers of doing or preparing to do something inappropriate
to her that night.  When the State asked
Long about her claim that Officer Smith had slammed her head into the wall,
Long volunteered that the incident had left a knot.

When Long testified, she put her credibility in
issue.  See Norris v. State, 902
S.W.2d 428, 441 (Tex. Crim. App. 1995) (defendant=s
decision to testify made his credibility an issue for the jury to decide).  Tex.
R. Evid. 613 allows the admission of prior inconsistent statements and
extrinsic evidence establishing a witness=s
bias.  Prior to allowing Trooper Keesee=s testimony, the trial court advised
counsel that it was only allowing it for the purpose of impeachment and
instructed the jury that it was being offered solely for passing upon Long=s credibility.

Trooper Keesee testified that on January 3, 2004,
he stopped Long for a speeding violation. 
During that stop, he advised her that she was being arrested, and she
fled the scene.  During the ensuing chase,
she drove at speeds up to 110 miles per hour. 
Long=s tires
were spiked, and she eventually stopped. 
She exited her car and was instructed to lay down.  Trooper Keesee then handcuffed her and placed
her in a police vehicle.  During this
stop, Long screamed and yelled at the police officers.  She told them that her son, who was with her
in the car, did not have anything to do with the incident and asked them not to
beat him up.  She also claimed that they
were about to beat her up.  

The trial court did not abuse its discretion by
admitting Trooper Keesee=s
testimony.  It was contradictory to
statements made by Long, showed a bias against law enforcement officials
because it illustrated a pattern of false accusations, and was prefaced with a
specific limiting instruction.  Long=s second issue is overruled.

C.  Did
Long Receive Constitutionally Ineffective Assistance of Counsel?

Long complains that her trial counsel was
constitutionally ineffective because he conducted a cursory and unusual voire
dire; made only a perfunctory opening statement; and opened the door for the
admission of prejudicial testimony about a prior traffic stop, high-speed
pursuit, and arrest. 








To determine whether Long=s
counsel rendered ineffective assistance at trial, we must first determine
whether Long has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington,
466 U.S. 668 (1984).  We must indulge a
strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance; and
Long must overcome the presumption that, under the circum-stances, the
challenged action might be considered sound trial strategy.  Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000).  A[C]ounsel is strongly presumed to have
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment.@  Strickland, 466 U.S. at 690.  An allegation of ineffective assistance must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Under normal circumstances, the record on
direct appeal will not be sufficient to show that counsel=s representation was so deficient and
so lacking as to overcome the presumption that counsel=s
representation was reasonable and professional. 
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Rarely will the record on direct appeal
contain sufficient information to permit a reviewing court to fairly evaluate
the merits of such a serious allegation. 
Id.

Long complains that her counsel=s voire dire was cursory and consisted
primarily of questions about which veniremembers liked war and action movies or
participated in boxing and kickboxing.  A
brief voir dire is not automatically an ineffective one.  The length of voir dire may be dictated by
trial strategy.  Jackson v. State,
491 S.W.2d 155, 156 (Tex. Crim. App. 1973). 
Furthermore, topics covered by the trial court or prosecutor need not be
repeated.  See Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (a brief voir dire can be a
legitimate trial strategy because counsel does not want to appear repetitious
or wasteful of the jury=s
time).  Defense counsel himself told the
veniremembers that the prosecutor had covered most of the issues he needed to
address.








The topics covered during voir dire are inherently
a trial-strategy-driven decision.  We
will not speculate about counsel=s
trial strategy.  Bone, 77 S.W.3d
at 833.  Defense counsel introduced
potentially affirmative defenses, such as self-defense; inquired if any
veniremember had military or law enforcement experience; and asked if any had
experience as a contestant or referee in boxing, kickboxing, and
wrestling.  He also asked if anyone had
observed adults fighting.  Because Long
did not dispute that she and Officer Smith had become involved in a physical
altercation but contended that her conduct was justified, it is not difficult
to visualize why counsel would legitimately want to explore these topics during
voir dire.  We certainly cannot conclude
that counsel=s voir
dire was so outrageous that no competent attorney would have utilized it.  Goodspeed, 187 S.W.3d at 392.

Similarly, the fact that counsel gave a brief
opening statement is not evidence of ineffective assistance.  Because an opening statement provides the
State a preview of the defense=s
strategy, counsel may make a tactical decision to make no opening statement at
all.  See Standerford v. State,
928 S.W.2d 688, 697 (Tex. App.CFort
Worth 1996, no pet.).  If counsel may
legitimately make no opening statement, it necessarily follows that they may
also make a short one.

Long=s
final criticism is that her counsel opened the door to prejudicial testimony
through her testimony.  The trial court
advised Long of her rights prior to her taking the stand and admonished her on
the consequences of her decision to testify. 
Long does not elaborate on how her counsel opened the door:  by putting her on the stand, by asking
particular questions during her direct examination, or otherwise. The failure
to adequately brief an argument waives any complaint.  See Lawton v. State, 913 S.W.2d 542,
558 (Tex. Crim. App. 1995).  Without
identifying which decision Long contends improperly opened the door, it is
impossible for this court to conclude that counsel was ineffective.  Long=s
third issue is overruled.

                                             IV.
Holding

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

March 22, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., 

McCall,
J., and Strange, J.